49400. METTS v. THE STATE.

PANNELL, Presiding Judge.
Bobby Metts was indicted, tried and convicted of the

offense of credit card theft with intent to use the same in obtaining credit. At his sentence hearing he was sentenced by the jury to a period of five years. His motion for new trial containing the general grounds and four special grounds was overruled and he appealed to this court enumerating error on the overruling of the motion for new trial and on each ground thereof. *Held:*

1. The evidence was amply sufficient to authorize the verdict of guilty.

2. The trial judge, in acquainting the jury before the trial began with general court procedure, stated among other things "The defendant may offer evidence, if he desires, but he is not required to do so. If the defendant does offer evidence, then the state may present evidence in rebuttal, and the defendant may offer evidence to rebut the state's evidence, if any." The defendant claims that "under the Miranda decision (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602)) this could be taken by the jury to show that silence implies guilt." The record discloses that the defendant testified in the case. It follows, therefore, that his silence could not have implied guilt. There is no error in this ground of the motion for new trial.

3. One ground of the motion for new trial is "The court erred in not sustaining the objection made by the defense counsel (citing the transcript) with regard to the State's offering evidence of sales slips which were not signed nor were they in any way connected with this case. These were used against this defendant in a manner which was prejudicial and thus resulted in the defendant receiving an unfair trial." The only argument and citation of authority contained in the brief on this point is merely a restatement of the ground. Under these circumstances, this ground will be considered as having been abandoned. We might state, however, that the slips objected to were not introduced in evidence after the objection was made.

4. Another ground relates to an alleged prejudicial comment made by the district attorney during the sentence hearing. This ground, like the other ground, is merely a repetition of the ground of the motion for new trial, but did cite some authorities. The record discloses

that no objection was made at the time to this alleged prejudicial comment of the prosecuting attorney. Under these circumstances, the defendant waived his right to object in this court.

5. Ground 7 of the motion for new trial complains of the court's allowing in evidence, during the sentence hearing, the record of a prior conviction of an offense in another case, in which the defendant was not represented by counsel. Attorney for the defendant, at the time this was offered in evidence, stated that he had no objections. Any objections, therefore, were waived by this statement.

*Judgment affirmed. Eberhardt, P. J., and Webb, J., concur.*

Submitted May 30, 1974 — Decided July 11, 1974.

*James C. Carr, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Morris H. Rosenberg, Isaac Jenrette,* for appellee.