## 49654. BOYD v. THE STATE.
## 49655. CAMBRON v. THE STATE.

EVANS, Judge.

Defendants were jointly indicted for burglary. Defendant Boyd moved to suppress certain evidence. After a hearing the motion was denied. A trial was held and both defendants were convicted. Boyd was sentenced to serve ten years; Cambron was sentenced to serve 13 years. Separate, but identical, motions for new trial, as amended, were filed, heard and denied. Defendants appeal from the judgments and sentences. Identical

briefs and enumerations of error were filed in each case. *Held:*

1. Although Cambron made no motion to suppress evidence, the sole grounds of complaint argued by both contend the search of Boyd's home was made without a warrant, hence was illegal and violative of Code Ann. § 27-301 (Ga. L. 1966, p. 567). The arresting officer testified that due to certain suspicious circumstances Boyd came under suspicion of the burglary; that he already had a warrant for Boyd's arrest for auto theft, and he went to a certain address to arrest Boyd on the auto theft warrant. He advised Mrs. Boyd that they were looking for Boyd to arrest him on the warrant for auto theft; that she offered no resistance to their entry; and while looking for Boyd they observed the fruits of the burglary in plain view. The unusual number of television sets and stereo equipment in the home created a suspicion that same might have been stolen, and the officer had probable cause to believe they were stolen. Boyd was found hiding in the attic. The law does not require knowledge by the officer that the articles have been stolen. Probable cause to believe they have been stolen is sufficient. *Campbell v. State,* 226 Ga. 883, 888 (178 SE2d 257).

The area within the immediate presence of the persons arrested may be reasonably searched and any stolen property may be seized as tangible evidence of the commission of a crime against the laws of this state. Code Ann. § 27-301 (Ga. L. 1966, p. 567). And in order to arrest under the warrant, the officer may break and enter any home where the offender is concealed. Code § 27-205.

This case is quite unlike that of Chimel v. California, 395 U. S. 752 (89 SC 2034, 23 LE2d 685), cited by counsel for defendant, where the officers illegally searched the house *after* making an arrest, and after a request to "look around" had been denied. Here Boyd was concealing himself, and the fruits of the crime were in plain view. It is more similar to the case of Harris v. United States, 390 U. S. 234, 236 (88 SC 992, 19 LE2d 1067), where the search was made *after the arrest* and held not to be illegal since the evidence was in plain view where the arresting officer could observe it, and the officer "had a right to be in a position of viewing it." As to the "plain view

doctrine" see also *Coolidge v. New Hampshire,* 403 U. S. 443 (2c), (3) 465-471, and 487-490 (91 SC 2022, 29 LE2d 564). The court did not err in denying the motion to suppress the evidence.

2. All other grounds of complaint were waived as they were unsupported claims of error having no citation of authority or not argued as required by Rule 18 (c) (Code Ann. § 24-3618 (c) (2)). See *Metts v. State,* 132 Ga. App. 366 (208 SE2d 176). A mere statement in the brief that the court should sustain defendants' contentions is insufficient. *Dunaway v. Empire Mtg. &c. Co.,* 118 Ga. App. 224 (163 SE2d 237); *Harrell v. Bedgood,* 121 Ga. App. 16 (2), 17 (172 SE2d 485).

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

Submitted September 3, 1974 — Decided October 23, 1974.

*Jack Dorsey,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Issac Jenrette, H. Allen Moye, Assistant District Attorneys,* for appellee.