## 51595. WEAVER v. THE STATE.

EVANS, Judge.

Defendant was indicted for the offenses of kidnapping, enticing a child for indecent purposes, and child molestation. During the trial, Count 2 (Enticing a Child for Indecent Purposes) was withdrawn from jury consideration. Defendant was then convicted of kidnapping, to serve 10 years; and child molestation, to serve 15 years. Defendant was sentenced accordingly, and the sentences were to run consecutively. Motion for new trial was filed and denied. Defendant appeals. *Held:*

1. The Supreme Court has transferred this appeal to this court, since simple kidnapping (Code Ann. § 26-1311) is not a capital offense. See *Allen v. State,* 233 Ga. 200 (2), 202 (210 SE2d 680).

2. The evidence here was sufficient to support the verdict of guilty. However, it appears that in the argument part of appellant's brief (no oral argument was made), certain of the enumerations of error were merely re-stated. The brief failed to comply with Rule 18 (c) (2)

(Code Ann. § 24-3618) as to argument and citation of authority with particular reference to enumerations of error one, five, six, seven and eight. Accordingly, these alleged errors are deemed abandoned. See *Hicks v. State,* 232 Ga. 393, 400 (207 SE2d 30); *Metts v. State,* 132 Ga. App. 366 (3), 367 (208 SE2d 176).

3. Since the second count (enticing a child for indecent purposes) was not submitted to the jury for consideration, there was no merit in the denial of the motion to quash. No prejudice has been shown in that the court stated that it would allow the state to make an election later during the trial between Count 1 (kidnapping) and Count 2. However, no election was made, but the court itself excluded this count from consideration of the jury. No prejudicial or harmful error was shown. See *Butler v. State,* 132 Ga. App. 750, 751 (2) (209 SE2d 28).

4. A motion to suppress evidence relating to a line-up identification was reserved by the trial judge until the evidence was submitted, and it was not error to wait until the trial to make this determination. The court has a broad discretion to conduct the trial as it sees fit, and no abuse has been shown in the method the court used in this instance to try the case. See *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166).

5. The evidence shows the defendant was identified by witnesses based upon their observation of him at the time the acts were being committed. The lineup identification was never in evidence. Here it was not error for the trial court to refuse to suppress the in-court identifications. The testimony in regard to the lineup identification was not submitted in evidence at the trial, but by the defense, out of the presence of the jury, in regard to its motion to suppress the in-court identification of the defendant. See *Yancey v. State,* 232 Ga. 167, 169 (205 SE2d 282).

However, examination of the photograph made at the lineup identification does not show same to be an impermissible suggestion in that the persons in the lineup had different clothing and personal appearance as to haircuts, etc. No two people are exactly alike in their personal dress or deportment. There is no merit in this

complaint. The case of Foster v. California, 394 U. S. 440 is not applicable here.

6. All of the letters which were written since the alleged crime occurred and which were excluded from evidence were self-serving statements and were not allowable in evidence to explain conduct under Code Ann. § 38-302. See *Dennis v. State,* 216 Ga. 206 (5) (115 SE2d 527); *Teasley v. State,* 202 Ga. 316 (2) (43 SE2d 319); *Fann v. State,* 195 Ga. 176 (2) (23 SE2d 399).

7. By charging the jury in the language of the indictment as to the physical acts of the defendant which amounted to the crimes charged, the court did not express an opinion as to the evidence in violation of Code Ann. § 81-1104.

8. The defendant denied the acts charged in his plea of not guilty, in his defense as to failure to properly identify defendant, and in his plea of alibi. The victim, a child of 8 years, testified to acts of kidnapping, indecent assault and molestation. The court did not err in failing to charge on simple assault. There was no evidence of simple assault, other than the touching of the child in putting her in the automobile to kidnap her, the removal of her clothing and to touch her body. Such assaults were in every instance either a part of molestation or a part of kidnapping. The case of *Stonaker v. State,* 134 Ga. App. 123 (3) (213 SE2d 506), is not applicable since there the admitted acts allegedly committed could have been molestation, simple assault, or totally lacking in intent to commit a crime at all. Further, in *State v. Stonaker,* 236 Ga. 1, the *Stonaker* case, supra, has been reversed. This enumeration of error is not meritorious.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED JANUARY 6, 1976 — DECIDED FEBRUARY 2, 1976.

*Louise T. Hornsby,* for appellant.

*Arthur K. Bolton, Attorney General, Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Robert A. Weathers, Assistant District Attorneys,* for appellee.