## 55096. HUGHLEY v. THE STATE.

SHULMAN, Judge.

Appellant and others accompanied the deceased to his home where an altercation developed resulting in a scuffle between appellant and the victim. Appellant fired several shots through a screen door, killing the victim. Appellant was indicted and tried for murder and convicted by a jury of voluntary manslaughter. After his motion for new trial was denied, he appealed to this court.

1. The first issue raised is that the trial court failed to exclude sua sponte the death certificate (state's Exhibit No. 8). No objection was offered at the trial to the admission of the death certificate. In fact, defense counsel affirmatively stated that he had no objection to its admission. "This court has held on occasions too numerous to recount that, though there may be a ground of objection to evidence which would have been good if made at the proper time, yet, if the objection made be not good or not made at all or made for the first time in the motion for a new trial or made only before this court, [an appellate court] being a court alone for the trial and correction of errors of law committed in the trial court, will not set aside the verdict and judgment of conviction on account of the admission of such evidence. [Cits.]" *Starr v. State,* 229 Ga. 181, 183 (190 SE2d 58).

Appellant was silent as to any objection he may have had and thus waived his right thereto, if any in fact existed.

Furthermore, it is not within the power or duty of an appellate court to review the nonaction of a trial judge where both sides are represented by counsel and the trial court is not requested to act. See *Morris v. State,* 200 Ga. 471, 480 (37 SE2d 345).

2. Appellant enumerates as error certain preliminary remarks by the judge explaining the procedure for the trial. Among other things, the court stated: "The Defendant is not required under the law to offer any evidence whatsoever but he can if he wishes to do so. If he does offer testimony, then the State will be permitted, if they wish to do so, to present rebuttal testimony, and then, of course, the Defendant would have the right to present rebuttal testimony to the rebuttal testimony of the State, if any, in the case." This precise question was raised and effectively laid to rest in the case of *Metts v. State,* 132 Ga. App. 366 (208 SE2d 176). "The trial judge, in acquainting the jury before the trial began with general court procedure, stated among other things 'The defendant may offer evidence, if he desires, but he is not required to do so. If the defendant does offer evidence, then the state may present evidence in rebuttal, and the defendant may offer evidence to rebut the state's evidence, if any.' The defendant claims that 'under the Miranda decision (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602)) this could be taken by the jury to show that silence implies guilt.' The record discloses that the defendant testified in the case. It follows, therefore, that his silence could not have implied guilt. There is no error in this ground of the motion for new trial." *Metts v. State,* supra, at 367 (2). See also *Clark v. State,* 141 Ga. App. 257 (1) (233 SE2d 246). See generally *Woodard v. State,* 234 Ga. 901 (7a) (218 SE2d 629).

In the case at bar, the defendant did testify on his own behalf. There is no merit to this contention.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

Submitted January 17, 1978 — Decided February 8, 1978.

*Robert C. Ray,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Michael Whaley, Thomas W. Thrash, Assistant District Attorneys,* for appellee.