A90A2380. AUSTIN v. THE STATE.
(405 SE2d 499)

BIRDSONG, Presiding Judge.

George Gene Austin appeals his conviction of armed robbery and three counts of kidnapping.

On June 20, 1989, three persons robbed the Harris Audio facility of recording and audio equipment valued at approximately $250,000. Two robbers entered the building about 5:30 p.m. and held the store manager and secretary on the floor at gunpoint, after binding their mouths with silver duct tape and their wrists with handcuffs. They heard the robbers use a "walkie talkie" to let another person know the situation was "secured." A customer arrived while the robbers prepared to remove goods to a van outside. He saw a third robber wearing a "Spiderman" mask; this robber seemed very tall, about 6′10″ or 6′11″. The customer was bound and held on the floor with the other victims.

One of the robbers, Jim Gray, expected to get $12,000 from the sale of the stolen equipment, but was delayed in getting his money. Gray told a friend to whom he owed money that he would pay the friend when these goods were sold; the friend contacted the FBI. Gray admitted participation in the robbery and focused attention on appellant as the ringleader.

Appellant had recently moved from California and built a recording studio at his home in Stone Mountain; he had visited Harris Audio several times and toured the facilities at an open house. Gray di-

rected investigators to a storage rental facility where he and appellant had taken some of the stolen goods. Employees at the storage facility identified photos of appellant as the person who, calling himself "Rich Reed," rented storage space in the late afternoon of June 20, 1989; they also identified him at trial. Equipment stolen from Harris Audio was found in the rented storage space. A search of appellant's house and recording studio garnered equipment stolen from Harris Audio; many guns, silver duct tape and several pairs of handcuffs identified at trial as the same type as those used in the robbery; several "C.B." radios; and a "Spiderman" mask.

Appellant testified he bought the equipment found in his studio from Gray. The mask was not his but was left at his house by Gray; appellant put it in his safe where the police found it. He testified he had the handcuffs because he was "seeing someone [who] was into bondage." He went with "Reed" to rent storage space where they stored items they each had bought from Gray. A witness testified she was with appellant at his studio on June 20, 1989, from 6:00 to 6:30 p.m. Appellant said he is 6′4″, not 6′10″ or 6′11″.

Appellant enumerates six errors below. *Held*:

1. Appellant contends the trial court erred in allowing investigators to testify that they found several stolen items which had nothing to do with this armed robbery, particularly since the assertion that such items were stolen was hearsay. We find no error. This evidence was admitted freely on several occasions without any objection by appellant. See *Hughley v. State*, 144 Ga. App. 771 (242 SE2d 367). Counsel eventually did object to one item of this evidence on grounds of hearsay, but where evidence is admitted elsewhere without objection the objection when subsequently made is properly overruled. *Chambers v. State*, 183 Ga. App. 874, 875 (360 SE2d 438).

2. It was not error to allow Gray to testify despite the State's failure to name him on a list of witnesses demanded by appellant. The purpose of OCGA § 17-7-110 is to ensure that an accused is not confronted at trial with testimony against him when he has not had an opportunity to interview the witness prior to trial. *Logan v. State*, 170 Ga. App. 809, 810 (318 SE2d 516). The trial court offered appellant the opportunity to interview Gray prior to trial, and by declining the opportunity to interview the witness, appellant waived the right to object to the testimony of the witness. *Gilbert v. State*, 159 Ga. App. 326, 330 (283 SE2d 361); compare *Brown v. State*, 242 Ga. 536, 537 (250 SE2d 438), distinguished by its facts.

3. Appellant contends the State misled the jury by failing to "reveal the deal" of leniency made with Gray. We find no error. The prosecution denied any such deal was made and the record does not disclose otherwise. This record contains no transcript of any pretrial proceedings which might prove there was a "deal" of leniency which

the jury should have been allowed to consider in evaluating Gray's testimony. Without a record which would prove the asserted fact, we cannot consider it (*Russell v. State*, 155 Ga. App. 555, 556 (271 SE2d 689)); appellant does not prove error by mere assertions in his brief. *Smith v. State*, 160 Ga. App. 26 (285 SE2d 749).

4. These convictions were not based on uncorroborated testimony of the accomplice contrary to OCGA § 24-4-8. There was substantial independent evidence of appellant's guilt. *Claybrooks v. State*, 189 Ga. App. 431 (375 SE2d 880).

5. It was not error to admit evidence of the property seized. The search warrant was validly based on information obtained from Gray in the presence of the affiant. See *McNeal v. State*, 133 Ga. App. 225, 227 (211 SE2d 173). Gray's confession, particularly as it was corroborated by the verity of some of the information he gave, made his information connecting appellant to the crime sufficiently reliable to support the search warrant without corroboration. Compare *Evans v. State*, 161 Ga. App. 468, 470 (288 SE2d 726). See *State v. Stephens*, 252 Ga. 181 (311 SE2d 823); *Duckworth v. State*, 246 Ga. 631, 633 (272 SE2d 332). The search was not overbroad by extending into appellant's bedroom drawers and closets, inasmuch as the recording studio was, according to the evidence provided, an integral part of appellant's residence.

6. The evidence is sufficient to persuade the rational factfinder of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The judgment is not contrary to the evidence or the law.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1991 —
REHEARINGS DISMISSED MARCH 25, 1991 AND APRIL 10, 1991 —

*Debra B. Randall*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carl P. Greenberg, Assistant District Attorneys*, for appellee.