A91A1855. MELVIN v. THE STATE.
(416 SE2d 149)

COOPER, Judge.
Appellant was tried and convicted of two counts of rape, two counts of aggravated assault, two counts of kidnapping and aggravated sodomy as the result of two attacks on two female victims and appeals the denial of his motion for new trial.

1. Appellant enumerates as error the trial court's question to the prosecutor during the State's examination of its expert witness, "are you skipping over his educational background or was I asleep when you asked him those questions?" Appellant contends the trial court tried to coax the prosecutor into asking pertinent questions of an expert witness to insure the admissibility of the witness' expert opinion and that the question intimated the court's opinion on the question of appellant's guilt. However, no objection was raised to the question at trial. "Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived. [Cit.]" *Fancher v. State*, 190 Ga. App. 438 (1) (378 SE2d 923) (1989).

2. In his second enumeration of error, appellant contends the trial court erred in allowing the admission into evidence of an indictment of a defense alibi witness for purposes of impeachment. Appellant argues that the witness could not be impeached solely with the indictment. The record demonstrates, to the contrary, that the indictment, a document evidencing the witness' guilty plea and the judgment entered thereon were admitted, together constituting a complete record of the witness' criminal conviction for purposes of impeachment. See *Clarke v. State*, 239 Ga. 42 (3) (235 SE2d 524) (1977). This enumeration is without merit.

3. Appellant contends the trial court erred in failing to grant a directed verdict on one of the rape counts because the evidence did not demonstrate an unbroken chain of custody in the transport of corroborating evidence, the victim's bloody nightgown, from the detective who was given the nightgown by the victim to the FBI

Crime Lab, where the nightgown underwent DNA testing. At the outset we must note that the General Assembly removed the corroboration requirement from the rape statute in 1978. See *Baker v. State*, 245 Ga. 657 (5) (266 SE2d 477) (1980). Furthermore, the record belies appellant's contention that the nightgown was unaccounted for after the first detective released the gown to a second detective until the gown arrived at the GBI Crime Lab. The first detective testified that he placed the nightgown along with other items belonging to the victim in a bag, sealed the bag and marked it with the victim's name. A second detective testified that he then took the sealed bag to the GBI Crime Lab. Although a list of items received by the lab did not contain the nightgown, the official who received the bag at the lab testified that the sealed bag marked with the victim's name contained the nightgown and displayed no signs of tampering. Accordingly, the trial court did not err in denying appellant's motion for directed verdict on count one of the indictment.

4. Appellant also argues that he was prejudiced by the trial court's reference to the witnesses from the GBI and FBI Crime Labs as experts in its charge on expert testimony because by labelling the witnesses as experts, the court intimated its opinion as to appellant's guilt. "The charge to the jury is to be taken as a whole and not out of context. [Cit.]" *French v. State*, 199 Ga. App. 873 (2) (406 SE2d 526) (1991). An examination of the entire charge reveals that by referring to the witnesses, the trial court in no way intimated appellant's guilt or suggested to the jury the weight to be given such testimony but merely illustrated to which evidence the charge applied. The trial court's statement was proper.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 28, 1992.

*Robert B. Smith*, for appellant.

*W. Glenn Thomas, Jr., District Attorney, Gregory C. Perry, Stephen D. Kelley, Assistant District Attorneys*, for appellee.