## A92A0810. STOWERS v. THE STATE.
(422 SE2d 870)

SOGNIER, Chief Judge.

Ronrico Stowers was convicted of armed robbery. He appeals from the denial of his motion for new trial.

1. Appellant contends in two enumerations that the evidence was insufficient to support the verdict because the State failed to prove that any property was taken from the victim and because his confession was not corroborated as required by OCGA § 24-3-53. At trial, Earline Steadman, the 81-year-old victim, testified that on the morning of June 27, 1991, two men came to her back door, asked her a question, and then forced themselves into her house. She described the perpetrators as black males wearing black clothing and stated that one was taller and older than the other. Steadman testified that the taller man hit and choked her and attempted to smother her with an afghan. Having faded in and out of consciousness, she was unsure what else the men did while they were in her house, but she did ultimately hear the door slam shut. She reached for a telephone to call for help but discovered the phone cords had been severed. Steadman testified she struggled to a neighbor's house and the neighbor called an ambulance. Steadman was taken to the hospital where she received treatment for a lacerated arm and shoulder and bruises on her face, and where surgery was performed to repair a deep stab wound in her shoulder. She testified further that after she returned home from the hospital, she realized that two watches she had kept in plain view in her house were missing.

Hart County Sheriff Kenneth Vaughn, who investigated the incident, testified that Steadman's mattress had been pulled from the bed and that the contents of her purse had been emptied onto the floor (although no money was removed from her purse). Appellant and another man were arrested later that day. They were indicted jointly several weeks later but tried separately. Vaughn testified that appellant was 16 years old and his co-defendant, who was taller than appellant, was in his mid-twenties.

After his arrest, appellant gave police a statement in which he recounted that he and "David" approached Steadman about doing

yardwork for her, and that David "charged" into the house and told appellant to follow. Appellant stated that David kicked and hit Steadman, stomped on her stomach, and told appellant to hand him an afghan, which he used to choke Steadman. Appellant stated that he and David then ran out of the house. He also said that both he and David were dressed in black clothing. Appellant did not testify at trial.

Although the evidence of a taking was circumstantial, we hold it was sufficient to authorize the conviction. The actions of appellant and his co-defendant in attacking Steadman and ransacking her house manifest the requisite criminal intent to commit armed robbery, OCGA § 16-8-41 (a), and the concurrent disappearance of the watches, which Steadman indicated the perpetrators readily could have seen, provides sufficient circumstantial evidence either that the property was taken by appellant and his co-defendant or that appellant was guilty under OCGA § 16-2-20 as a party to the crime committed by his co-defendant. Contrary to appellant's contention, we do not find this case to be analogous to *Woodall v. State*, 235 Ga. 525 (221 SE2d 794) (1975). While in *Woodall*, as in the instant case, the evidence that the missing property was stolen by the appellant was circumstantial, in *Woodall* money was taken from the open cash register of a service station that was left unattended, whereas here there is no evidence that Steadman's residence (which, of course, was not open to the public) was left unattended *and* accessible to passersby.

Nor do we agree with appellant's argument concerning corroboration of his statement. Since in his statement he did not admit every essential element of the charged offense, the statement constituted an admission, not a confession, *Norrell v. State*, 116 Ga. App. 479, 486-487 (2) (157 SE2d 784) (1967), and no corroboration was required. See *Sheffield v. State*, 188 Ga. 1, 11 (9) (2 SE2d 657) (1939). Moreover, Steadman's testimony did corroborate the essential details of appellant's admission. Consequently, we find the evidence sufficient under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to authorize the trier of fact to find appellant guilty beyond a reasonable doubt of the charged crime. See *Austin v. State*, 199 Ga. App. 539-540, 541 (6) (405 SE2d 499) (1991).

2. Appellant also maintains his statement was inadmissible under OCGA § 24-3-50 because it was not made voluntarily. Sheriff's Investigator Jeffrey Morris testified that he, a GBI agent, and Police Chief Reno questioned appellant in the presence of his mother, that appellant's mother encouraged him to tell the truth, and that Morris echoed that encouragement, telling appellant that "it would go easier on him to cooperate and tell the truth." Morris denied having promised appellant lenient treatment or any other benefit.

As the State notes, appellant waived his right to object on appeal

to the admission of his statement by failing to register any objection to its admissibility during trial. *Thompson v. State*, 258 Ga. 816, 817 (2) (375 SE2d 219) (1989). Nonetheless, we find Morris's comment did not render appellant's statement inadmissible because he only urged appellant to tell the truth and did not promise a lighter sentence or any other benefit. See *Caffo v. State*, 247 Ga. 751, 756-757 (279 SE2d 678) (1981); *Tyler v. State*, 247 Ga. 119, 122 (274 SE2d 549) (1981); compare *Askea v. State*, 153 Ga. App. 849, 851 (3) (267 SE2d 279) (1980) (defendant was told a confession "would probably help him in court"). "Moreover, the court conducted a *Jackson-Denno* hearing, which produced evidence which . . . authorized the finding that, considering the nine factors enumerated in *Marshall v. State*, 248 Ga. 227 (3) (282 SE2d 301) (1981), the statements were made knowingly, intelligently, and voluntarily." *Thompson*, supra.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 23, 1992 —

*Michelle C. Feinberg, Lavender & Lavender, Robert W. Lavender*, for appellant.

*Lindsay A. Tise, Jr., District Attorney*, for appellee.