A05A1617. CHANDLER v. THE STATE.
(625 SE2d 495)

RUFFIN, Chief Judge.

Anthony Chandler appeals his conviction for violating the Georgia Controlled Substances Act by possessing and selling cocaine. Chandler contends that his conviction must be overturned because (1) the trial court communicated with the jury without him or his

---

counsel present; and (2) counsel was ineffective for failing to object to this communication. The trial court denied Chandler's motion for a new trial, and we affirm.

On appeal from a criminal conviction, we view the evidence in a light most favorable to the verdict.[1] Here, Chandler admitted at trial that he sold cocaine to an undercover police officer. His only defense was entrapment, based on the fact that the officer to whom he sold the cocaine asked him for the drug.[2]

The officer testified that while working undercover, he drove his vehicle into the parking lot of a gas station in a known drug trafficking area. Chandler approached the officer and asked the officer what he needed. The officer asked for $20 worth of crack cocaine. Chandler said he could get the cocaine, and directed the officer to a nearby laundromat. When the officer arrived, Chandler told the officer that he "would be right back with the dope" and then went behind the laundromat. After a few minutes, Chandler returned, saying "the dope is on the way." A woman the officer recognized as Racine Kilgore then approached Chandler and gave him cocaine. The officer gave Chandler $10, and Chandler gave him the cocaine. The undercover officer left, and Chandler and Kilgore were subsequently arrested. The case against Chandler went to trial on December 16, 2003.

During its deliberations, the jury sent a note to the trial court asking for the "written text of the law," which the trial court understood to mean "that they would like a copy of the entire charge printed up." The trial court "had the bailiff instruct [the jury] that [it] would take about an hour." Neither Chandler nor his counsel was present when the court received or responded to the note. Less than an hour later, before receiving a copy of the charge, the jury reached a decision, and Chandler and his counsel were summoned to the courtroom. The trial court informed them of the earlier note and response. Chandler and his counsel reviewed the note, and did not object to the trial court's response to it. The jury then returned a verdict of guilty.

1. Chandler alleges as error the trial court's communication with the jury without him or his counsel present. Because Chandler did not object to this alleged error prior to the return of the jury verdict, he has waived it on appeal.[3]

---

[1] See *Isaac v. State*, 275 Ga. App. 254 (620 SE2d 483) (2005).

[2] A police officer's request for drugs, in response to the defendant asking what the officer needs, is not entrapment. See *Haynes v. State*, 230 Ga. App. 107, 108-109 (2) (495 SE2d 591) (1998).

[3] See *Hanifa v. State*, 269 Ga. 797, 807-808 (6) (505 SE2d 731) (1998).

2. Chandler asserts that he received ineffective assistance of counsel because of his attorney's failure to object to the communication with the jury. In order to establish ineffective assistance of counsel, Chandler must show both "that counsel's performance was deficient and that, but for that deficient representation, there is a reasonable probability that the proceeding would have ended differently."[4] Because we conclude that counsel's performance was not deficient, we affirm the trial court's denial of a new trial on this ground.

In general, a trial judge should not communicate with the jury without all parties present in open court.[5]

> [T]he better practice is for the judge to have no communication with the jury on any subject except through the medium of the sworn bailiff in charge of the jury; and the communication should be restricted, in the absence of the accused and his counsel, to matters relating to the comfort and convenience of the jury. There should be no communication which would tend in any manner to prejudice the accused.[6]

At the hearing on Chandler's motion for a new trial, his trial counsel testified that he did not object to the response being given to the jury without his knowledge "because it did not go to the substance of the case[;] it just went to an administrative matter." The evidence confirms his assessment, showing that the bailiff informed the jury, in response to a request for a copy of the jury charge, how long it would take to obtain the transcript. This was the trial court's only communication with the jury outside the presence of Chandler or his counsel. There is no evidence that this communication was prejudicial to Chandler.[7] Chandler has not suggested that the trial court would have answered the jury's question differently had Chandler or his counsel been aware of the question at the time it was received.[8] And the jury did not, in fact, receive a copy of the jury charge before reaching its verdict. Accordingly, we conclude that the trial court's communication with the jury was not improper. Counsel's failure to object thus cannot constitute ineffective assistance.[9]

---

[4] (Punctuation omitted.) *Henry v. State*, 279 Ga. 615, 616 (3) (619 SE2d 609) (2005).

[5] See *Hanifa*, supra at 807 (6).

[6] Id.

[7] See *Logan v. State*, 266 Ga. 566, 567-568 (2) (468 SE2d 755) (1996).

[8] See, e.g., *Smith v. State*, 251 Ga. App. 452, 454 (2) (554 SE2d 596) (2001) (jury may be provided with written jury instructions).

[9] See *Moore v. State*, 278 Ga. 397, 401 (2) (e) (603 SE2d 228) (2004) (" 'Failure to make a meritless objection cannot be evidence of ineffective assistance.' ").

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 19, 2005 —

*Virginia W. Tinkler*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.