A07A1683. THOMAS v. THE STATE.
(655 SE2d 701)

MILLER, Judge.

A jury found Carlos Anton Thomas guilty beyond a reasonable doubt of driving under the influence of alcohol by having an alcohol concentration of 0.08 grams or more, OCGA § 40-6-391 (a) (5). In an unpublished opinion, we affirmed the conviction and remanded the case to the trial court for a hearing upon a claim of ineffective assistance of counsel timely raised for the first time on appeal. *Thomas v. State*, 277 Ga. App. XXVII (2005). Following a hearing, the trial court denied Thomas' claim of ineffectiveness, and Thomas appeals. Discerning no error, we affirm.

The record shows that on May 7, 2004, a Henry County police officer pulled Thomas over after the officer received a dispatch about a possible impaired driver and then observed Thomas' vehicle weaving within its lane. The officer smelled the odor of alcohol on Thomas' breath, saw that his eyes were red and bloodshot, and observed that he had difficulty finding the door handle of his vehicle. Thomas failed the field sobriety tests administered on the scene, and the Intoxilyzer 5000 revealed that his blood alcohol content was 0.166 grams. Further, when asked if he had any previous DUI convictions, Thomas told the officer, "Yes, in 2000." His arrest, trial, and conviction followed.

In his sole enumeration of error Thomas contends that he received ineffective assistance of counsel because his trial counsel failed to object when, on direct examination, the prosecutor questioned the officer about Thomas' admission of his prior DUI conviction. We disagree.

"To prevail on a claim of ineffective assistance of trial counsel, [a defendant] bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency." *Welbon v. State*, 278 Ga. 312, 313 (2) (602 SE2d 610) (2004). Prejudice is shown by demonstrating "that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel." (Citations omitted.) *Allen v. State*, 277 Ga. 502, 503 (3) (591 SE2d 784) (2004). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. [Cit.]" *Strickland v. Washington*, 466 U. S. 668, 691 (III) (B) (104 SC 2052, 80 LE2d 674) (1984).

Here, although the trial court found error in trial counsel's failure to object to Thomas' admission of a prior DUI conviction, it nonetheless found that Thomas had not met his burden to show that such deficiency inured to his detriment. We agree.

Here, the officer observed indications of impairment; the Intoxilyzer 5000 revealed that Thomas' blood alcohol content was 0.166

grams; and Thomas admitted to having consumed two beers before he submitted to testing. Under these circumstances, the trial court's refusal to grant Thomas a new trial upon his claim of ineffectiveness was not error. See *McFadden v. State*, 218 Ga. App. 327, 329 (3) (461 SE2d 542) (1995) (limiting our review of this issue to determining whether the denial of Thomas' motion for new trial upon his claim of ineffectiveness was clearly erroneous).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED DECEMBER 11, 2007.

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.
*Charles A. Spahos, Solicitor-General, Gilbert A. Crosby, Assistant Solicitor-General*, for appellee.