## A08A0037. DANIEL v. THE STATE.
### (665 SE2d 696)

BERNES, Judge.

A DeKalb County jury convicted Scottie Terrell Daniel of aggravated sexual battery and three counts of child molestation. Daniel appeals from the denial of his motion for new trial, asserting several errors with respect to the trial court's response to a note from the jury. He also contends that the trial court erred in allowing the state to introduce evidence of his prior burglary conviction; in allowing extrinsic material to be taken into the jury room; and in admitting "improperly redacted" impeachment evidence. Daniel further contends that his counsel rendered ineffective assistance. Lastly, Daniel contends that the trial court erred in failing to merge the aggravated sexual battery (Count 1) and the child molestation (Count 2) offenses. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence shows that Daniel was the live-in boyfriend of the victim's mother. The molestation occurred one evening when Daniel and the twelve-year-old victim, Q. M., watched a movie together in the mother's bedroom. Eventually, Q. M. fell asleep, but she was awakened after she "felt [Daniel's] hands go[ing] through [her] bra and [her] underwear." Q. M. felt Daniel touching her breasts, buttocks, and vagina. During the encounter, Daniel also digitally penetrated Q. M.'s vagina. After Q. M. protested and told Daniel to stop touching her, Daniel left the bedroom.

Q. M.'s uncle, cousin, and sister were at the residence when the molestation occurred, but they had been sleeping in another room.

---

[16] *Fann v. Mills*, 248 Ga. App. 460, 463 (1) (546 SE2d 853) (2001).
[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Q. M. did not immediately disclose the incident to her relatives. Later that evening, however, she made an outcry to her aunt with whom she had a close relationship. The aunt subsequently told Q. M.'s mother about the incident and the mother then called the police. An investigation ensued which ultimately led to Daniel's arrest, indictment, and trial.[2]

1. During deliberations, the trial court received a note from the jury relative to an evidentiary issue. Prior to reading this note to the parties, the trial court stated:

> Earlier[,] I received a note from the jury that said, we need the complete indictment. We only have copies of 2, 3, 4, and 5, molestation charges. [We] [n]eed [the] aggravated sexual battery charge. So I just sent my secretary in to point out to them where it was. It wasn't numbered one, but that was it.

Despite having been informed of the incident, Daniel and his trial counsel made no objection to the trial court's procedure in responding to the earlier note.

On appeal, Daniel contends that the trial court erred by receiving and responding to the note in the absence of Daniel and his trial counsel and by permitting the trial judge's secretary, rather than the sworn bailiff, to respond to the jury note. Daniel waived his right to assert these allegations of error by his failure to object at trial. See *Hanifa v. State*, 269 Ga. 797, 808 (6) (505 SE2d 731) (1998); *Johnson v. State*, 254 Ga. 591, 596-597 (5) (331 SE2d 578) (1985).[3]

We nevertheless reiterate the appropriate procedure to be followed when the jurors pose a question during the course of deliberations. The trial court is to have the

---

[2] Although Daniel does not specifically challenge the sufficiency of the evidence in this appeal, we note that the jury's verdict was authorized by the evidence. See OCGA §§ 16-6-4 (a), 16-6-22.2 (b); *Lilly v. State*, 285 Ga. App. 427 (646 SE2d 512) (2007); *Aaron v. State*, 275 Ga. App. 269 (1) (620 SE2d 499) (2005); *Kapua v. State*, 228 Ga. App. 193, 194-195 (1) (491 SE2d 387) (1997).

[3] Compare *Sammons v. State*, 279 Ga. 386, 387-388 (2) (612 SE2d 785) (2005) (defendant did not acquiesce to communication with a juror outside his presence when he expressed his objection to trial counsel at the time of trial, but trial counsel did not alert the trial court to defendant's objection); *Pennie v. State*, 271 Ga. 419, 421-422 (2) (520 SE2d 448) (1999) (defendant did not waive error regarding improper communication with a juror outside his presence when he was not aware of communication until after trial when appellate counsel reviewed the transcript); *Wilson v. State*, 212 Ga. 73, 78 (90 SE2d 557) (1955) (defendant did not acquiesce in waiver of his right to be present when he was not aware of proceedings in his absence until after the verdict had been rendered). Here, Daniel and his counsel were made aware of the occurrence by the trial judge in open court prior to the verdict, but they voiced no objection and thus failed to alert the trial court for any need to further perfect the record. See *Hanifa*, 269 Ga. at 808 (6); *Johnson*, 254 Ga. at 596-597 (5).

jurors' communications submitted to the court in writing; to mark the written communication as a court exhibit in the presence of counsel; to afford counsel a full opportunity to suggest an appropriate response; and to make counsel aware of the substance of the trial court's intended response in order that counsel may seek whatever modifications counsel deems appropriate before the jury is exposed to the instruction.

*Lowery v. State*, 282 Ga. 68, 76 (4) (b) (ii) (646 SE2d 67) (2007). We also note that the trial court should

have no communication with the jury . . . except through the medium of the sworn bailiff in charge of the jury; and the communication should be restricted, in the absence of the accused and his counsel, to matters relating to the comfort and convenience of the jury.

(Footnote omitted.) *Chandler v. State*, 277 Ga. App. 78, 80 (2) (625 SE2d 495) (2005).

2. Daniel next argues that the trial court erred in allowing the state to introduce evidence of his prior burglary conviction. Daniel filed a motion in limine to exclude evidence of his prior convictions. The trial court ruled that Daniel's prior convictions, with the exception of a burglary conviction, would be admissible for impeachment purposes.[4] As part of its impeachment evidence, the state introduced an indictment showing Daniel's prior escape conviction, which referred to the burglary conviction as an element of the offense.[5] Daniel contends on appeal that the reference to the burglary conviction should have been redacted by the state. However, when the state tendered the escape conviction into evidence at trial, Daniel's trial counsel expressly stated he had no objection to admission of the evidence.

Pretermitting whether Daniel waived any objection that he might have to the burglary conviction, including those objections raised in his motion in limine, see *Monroe v. State*, 272 Ga. 201, 204 (6) (528 SE2d 504) (2000), it is highly probable that admission of the challenged evidence did not contribute to the verdict. See *Creson v. State*, 218 Ga. App. 184, 185 (1) (460 SE2d 83) (1995). Daniel himself

---

[4] There was a question as to whether ten years had elapsed since the burglary conviction or Daniel's release from confinement on that conviction. See OCGA § 24-9-84.1.

[5] The indictment for the prior escape conviction alleged that "after having been convicted of a felony, to-wit: Burglary in the Superior Court of DeKalb County[, Daniel] intentionally escape[d] from . . . the lawful custody of Jackson County Correctional Institute."

testified that he had been previously convicted of numerous offenses — giving a false name to a law enforcement officer, theft by taking, escape, three counts of aggravated assault, and four counts of reckless conduct. Under these circumstances, Daniel has not shown how he was harmed by admission of the challenged burglary conviction.

3. Daniel also contends that the trial court erred in allowing extrinsic material related to his prior convictions to be taken into the jury room and in admitting "improperly redacted" impeachment evidence. Notwithstanding these claims, when the evidence was tendered and admitted, Daniel's trial counsel failed to object. Thus, these claims have not been preserved for appeal. See *Chandler v. State*, 277 Ga. App. 78, 79 (1) (625 SE2d 495) (2005); *Metts v. State*, 132 Ga. App. 366, 368 (5) (208 SE2d 176) (1974). To the extent that Daniel has raised these issues in his claim of ineffective assistance of trial counsel, they will be addressed below.

4. Daniel further argues that his trial counsel rendered ineffective assistance.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous.

(Citations omitted.) *Chapman v. State*, 273 Ga. 348, 349-350 (2) (541 SE2d 634) (2001). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Guided by these principles, we review Daniel's claims.

(a) Daniel argues that his trial counsel provided ineffective assistance by failing to object to the admission of certain documentary evidence, included as proof of his prior convictions. These documents included prior sentencing sheets, documents from a sentence review panel and the parole board, plea rights waiver sheets, and arrest warrants. Daniel contends the documents admitted to prove his prior convictions for impeachment purposes should have been limited to the certified copies of the respective indictments and the judgments entered thereon.

This Court has previously held that an indictment, a document evidencing the witness' guilty plea, and the judgment entered

thereon may be admitted together as a complete record of the witness' criminal conviction for purposes of impeachment. See *Melvin v. State*, 203 Ga. App. 108 (2) (416 SE2d 149) (1992). Pretermitting whether trial counsel's failure to object to the additional documents admitted in this case constituted deficient performance, Daniel has failed to show prejudice from the alleged deficiency. Daniel had already admitted to the prior convictions during his direct examination. Thus to some degree, the complained of evidence was merely cumulative of evidence that was properly admitted, and otherwise had no direct bearing upon the sex offenses for which Daniel was being tried. And, we do not agree, as suggested by Daniel, that the admission of the parole board documents from the prior convictions was tantamount to arguing in the presence of the jury that Daniel could be eligible for pardon, parole, or clemency in this case. See OCGA § 17-8-76 (a); *Nickerson v. State*, 248 Ga. App. 829, 835 (2) (e) (545 SE2d 587) (2001) (finding that prosecutor did not violate OCGA § 17-8-76 since he did not actually argue to the jury that if the defendant was convicted, he might not suffer the full penalty imposed by the court).

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." (Punctuation omitted.) *Thomas v. State*, 288 Ga. App. 827 (655 SE2d 701) (2007), citing *Strickland*, 466 U. S. at 691 (III) (B). It is axiomatic that Daniel had the burden to establish prejudice from the alleged error in his claim for ineffective assistance of counsel. See *Chapman*, 273 Ga. at 349-350 (2). Because Daniel did not satisfy his burden, this claim must fail.

(b) Daniel further argues that his counsel was ineffective in failing to move to redact certain prior conviction evidence before it was submitted to the jury.

(i) Daniel contends that his trial counsel should have moved to redact reference to his burglary conviction from the escape conviction. As we indicated in Division 2, Daniel was not prejudiced by admission of this challenged evidence.[6]

(ii) Daniel also contends that his trial counsel should have requested redaction of evidence relating to his prior conviction for

---

[6] *Cobb v. State*, 283 Ga. 388, 393 (3) (b) (658 SE2d 750) (2008) does not alter our conclusion. In *Cobb*, the court held that trial counsel rendered deficient performance in failing to move to redact a prior first offender plea from the evidence. Nonetheless, the court did not address the prejudice prong of the ineffectiveness claim since the defendant's conviction had been reversed on different grounds. Id. In the instant case, however, we conclude that Daniel has failed to show prejudice, notwithstanding the deficient performance. As a result, Daniel's claim does not constitute reversible error.

giving a false name to a law enforcement officer. Daniel argues that the trial court had ordered the partial exclusion of this evidence. But, Daniel's argument in this regard is incorrect. The record establishes that the trial court had ruled that this evidence was admissible. Thus, this allegation affords no basis for relief.

(c) Finally, Daniel argues that his trial counsel was ineffective for failing to object to the trial court's response to a jury note during deliberations. But, Daniel failed to assert this claim as a ground of ineffective assistance of counsel in the trial court below, and therefore, his contention and arguments have been waived.[7] "It is well established that an appellant cannot now raise and request a ruling on a ground of argument that he did not make below. . . . Because the allegations of ineffectiveness raised by [Daniel] on appeal differ from those raised below, they are deemed waived." (Citations and punctuation omitted.) *Stone v. State*, 229 Ga. App. 367, 371 (2) (494 SE2d 48) (1997). See also *Forehand v. State*, 270 Ga. App. 365, 367-368 (2) (b), (c) (606 SE2d 589) (2004).

5. Daniel contends that the trial court erred in failing to merge, for sentencing purposes, his convictions for aggravated sexual battery (Count 1) and child molestation (Count 2). We disagree.

Under OCGA § 16-1-6 (1),

[a]n accused may be convicted of a crime included in a crime charged in the indictment or accusation . . . when . . . [i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged.

Interpreting this provision, our state Supreme Court has adopted the "required evidence" test, determining that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." (Punctuation and footnote omitted.) *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006).

Count 1 of the indictment charged Daniel with aggravated sexual battery, alleging that he had "penetrated [Q. M.'s] vagina . . . with a foreign object, to wit: [his] finger, without [Q. M.'s] consent."

---

[7] In his motion for new trial, as amended, Daniel raised three distinct grounds of ineffective assistance of counsel: (a) trial counsel's failure to object to extrinsic material going out to the jury room, (b) trial counsel's failure to request redaction of evidence of his prior burglary convictions, and (c) trial counsel's failure to object to the state's improper impeachment evidence. At the motion for new trial hearing, Daniel's appellate counsel did not examine trial counsel regarding the failure to object to the response and did not argue an ineffective assistance of counsel claim on that ground.

Count 2 of the indictment further charged Daniel with child molestation, alleging that he had committed an immoral and indecent act with the intent to arouse and satisfy his sexual desires by "placing his hand on [Q. M.'s] vagina." According to Q. M.'s trial testimony, Daniel initiated the encounter by touching her vagina area and other body parts underneath her underwear. Q. M. further testified that at one point as the incident progressed, Daniel had *also* inserted his finger inside of her vagina. As such, the charged offense of aggravated sexual battery required proof of penetration, whereas the charged offense of child molestation did not. These separate acts were neither factually nor legally contained in the other respective count. Therefore, these offenses did not merge. See OCGA §§ 16-6-4 (a), 16-6-22.2 (b); *Aaron v. State*, 275 Ga. App. 269, 270 (2) (620 SE2d 499) (2005); *Childers v. State*, 257 Ga. App. 377, 378 (2) (571 SE2d 420) (2002); *Seidenfaden v. State*, 249 Ga. App. 314, 319 (4) (547 SE2d 578) (2001). Compare *Shamsuddeen v. State*, 255 Ga. App. 326, 327-328 (2) (565 SE2d 544) (2002) (finding that the offenses of aggravated sexual battery and child molestation were required to be merged since the only evidence that the defendant touched the victim's vagina was in connection with his penetration of her vagina).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED JUNE 17, 2008 —
RECONSIDERATION DENIED JULY 9, 2008 —

*John W. Kraus*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.