A12A0336. KORPONAI v. THE STATE.
(725 SE2d 832)

ANDREWS, Judge.

On appeal from his conviction for less-safe DUI, Sandor Korponai argues that the trial court erred when it charged the jury on implied consent and that trial counsel was ineffective. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in

the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on the early morning of May 30, 2008, Korponai failed to negotiate a turn and crashed his truck through a fence onto private property. The owner, who was awakened by the crash, went out to the scene, where Korponai approached him and asked for help. Korponai smelled strongly of alcohol, his speech was slurred, and he had difficulty staying on his feet and walking back to his truck. The owner called 911.

Three officers responded to the scene. The first officer testified that Korponai, who smelled of alcohol and was staggering, refused medical attention and told him that he had fallen asleep at the wheel. When the officer asked Korponai to walk up a hill back to the truck, Korponai tried to do so but fell twice. When Korponai refused an alco-sensor breath test, the officer arrested him. The officer testified that he did not administer any field sobriety tests because Korponai had already fallen twice and could not have taken the tests safely. After hearing the implied consent warning, Korponai fell asleep on the way back to the police station, where he refused to take an Intoxilyzer breath test.

Korponai took the stand on his own behalf, testifying that he had not been drinking, that his truck had rolled over, and that the terrain had made it difficult to walk to the police car. He also testified that he never drinks and drives. On cross-examination, the State introduced a 2005 DUI conviction from Virginia. After the trial court's charge to the jury, Korponai objected only to the exclusion of a charge on accident.

A jury found Korponai guilty of less-safe DUI and failure to maintain lane, which counts the trial court merged at sentencing. The jury acquitted him of an open container violation.

1. The evidence outlined above was sufficient to sustain Korponai's conviction. See OCGA § 40-6-391 (a) (1) (defining less-safe DUI); *Jackson*, supra.

2. Korponai first argues that the trial court erred when it delivered the pattern charge on implied consent because a portion of that charge amounts to an illegal comment on the evidence (see OCGA § 17-8-57). We disagree.

The record shows that the trial court charged the jury that a "test or tests shall be administered at the request of the law

enforcement officer who has *reasonable grounds* to believe" that a person has been driving under the influence. This part of the charge reproduced the language set out in the implied consent statute. See OCGA § 40-5-55 (a).

Korponai did not object to this portion of the charge at trial, and has never challenged the trial court's ruling below that his refusal to take the tests was properly admitted because the arresting officer had reasonable grounds *to* believe that he had been driving under the influence. "It [thus] appears that appellant is actually arguing that the trial court 'gave an incorrect statement of law,' but couched his enumeration using OCGA § 17-8-57 because appellant failed to object to the charge at his trial." *Vergara v. State*, 287 Ga. 194, 197 (2) (695 SE2d 215) (2010). Like the Supreme Court of Georgia, then, "[w]e decline to allow [Korponai] to circumvent the requirements of OCGA § 17-8-58 [concerning a defendant's duty to object to a charge] with such a maneuver." Id.

3. Korponai also argues that trial counsel was ineffective when he failed (a) to object to the admission of Korponai's refusal to take the alco-sensor test; (b) to request a limiting instruction concerning his refusal to take the Intoxilyzer test; (c) to anticipate that direct examination concerning his drinking habits would authorize the State to introduce the prior DUI conviction; and (d) to obtain a copy of the owner's 911 call before trial. We disagree with these contentions.

To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs*, 272 Ga. at 88 (4).

(a) Korponai's refusal to take the alco-sensor test was admissible as circumstantial evidence tending to show that he was impaired. *Crusselle v. State*, 303 Ga. App. 879, 881 (1) (694 SE2d 707) (2010). It follows that counsel could not have been ineffective for failing to object to the admission of this evidence. *Kitchens v. State*, 289 Ga. 242, 243 (2) (a) (710 SE2d 551) (2011).

(b) The trial court's charge stated that the purpose of the tests was to determine the presence of alcohol; that the State must prove "the condition of being under the influence of alcohol to the extent of impairment . . . and while under this condition the intent to

drive"; and that

> [m]erely showing that the defendant had been drinking or that there was a smell of alcohol on the defendant's breath or person[,] without proof of the manner of driving or the ability to drive[,] is insufficient to prove that the defendant was guilty of driving under the influence of alcohol.

Because this portion of the charge stated the law accurately, counsel could not have been ineffective for failing to object to it. See Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, §§ 2.84.10, 2.84.20; *Stepic v. State*, 226 Ga. App. 734, 736 (1) (487 SE2d 643) (1997) (approving instruction emphasizing that the question whether a driver was *both* under the influence *and* less safe to drive was for the jury); compare *Baird v. State*, 260 Ga. App. 661, 663 (1) (580 SE2d 650) (2003) (trial court erred in suggesting to the jury that a refusal to submit to testing "by itself" supported an inference that defendant was driving while impaired). It follows that counsel could not have been ineffective for failing to request any additional instruction.

(c) The trial court found that counsel performed deficiently when he asked Korponai, "[D]o you ever drink and drive?" The trial court also found, however, that the evidence of Korponai's guilt was so "abundant" that there was no reasonable likelihood of a different outcome had counsel not asked the question opening the door to admission of the 2005 conviction. See *Cobb v. State*, 283 Ga. 388, 391 (2) (658 SE2d 750) (2008) (defendant need only show "a reasonable probability of a different outcome" as a result of counsel's deficient performance, and "not that a different outcome would have been certain or even more likely than not") (citation and punctuation omitted). We agree with the trial court that the evidence against Korponai, including the single-car accident, his smell of alcohol, his slurred speech, his inability to walk to the police car at the scene, and his refusal to take two different tests, was such that he cannot show a reasonable probability that the exclusion of the 2005 DUI conviction would have led to a different outcome. See *Thomas v. State*, 288 Ga. App. 827, 827-828 (655 SE2d 701) (2007) (evidence of defendant's impairment including smell of alcohol, admission of drinking, weaving on the road, bloodshot eyes, and difficulty finding the doorhandle of his car was sufficient to justify trial court's denial of his claim of ineffectiveness concerning counsel's failure to object to admission of prior DUI conviction).

(d) The record shows that an investigator hired by the defense located the owner who called 911. His statement to the investigator was damaging to Korponai. At the hearing on Korponai's motion for

new trial, counsel testified that after conferring with his client, he decided not to call this witness. At trial, the State called the owner to testify; his 911 call was played for the jury.

We see no ground for overturning the trial court's conclusions that the tape of the owner's 911 call might have either helped or hurt Korponai's defense — the former by impeaching the witness concerning the timing of the call, the latter by showing that the owner had the opportunity to observe him at the scene. Counsel cannot be held ineffective for failing to uncover more evidence from or to call a witness whose known statements tended to damage his client's case. "Decisions regarding which witnesses to present are matters of trial strategy. When founded on legitimate evidentiary concerns, such decisions do not constitute ineffective assistance of counsel." *DeYoung v. State*, 268 Ga. 780, 786 (5) (493 SE2d 157) (1997).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*

DECIDED MARCH 9, 2012 — 

*Harvey S. Wasserman*, for appellant.
*W. Jeffrey Langley, District Attorney*, for appellee.