## A98A0269. RAYMOND v. THE STATE.
(501 SE2d 568)

JOHNSON, Judge.

A jury found Donald Raymond guilty of child molestation and incest for offenses committed against his daughter. He appeals from the convictions and the denial of his motion for new trial.

1. Raymond contends that the verdict is contrary to the evidence, the evidence is insufficient to support the verdict and the verdict is against the weight of the evidence. He claims his daughter's testimony was not corroborated and there was no evidence of penetration.

Viewed in a light most favorable to the verdict, the evidence shows the following: Raymond's daughter, who was thirteen at the time of trial, testified that her father began touching her breasts and vaginal area when she was six or seven years old. The child's parents eventually separated, and at the age of 12, the child moved in with her father. Two or three times a week Raymond requested that the child sleep in the bed with him. One night he pulled her on top of him and removed her boxer shorts. The child, who pretended to be asleep, felt something "like his penis" in her vaginal area. She testified that "[i]t wasn't in but it hurt." Upon further questioning, the child stated "I don't think it was in. . . . I had my eyes closed and I was just scared." She testified that after the incident, Raymond asked her why she let him do it. For the next few days, the child experienced pain while using the bathroom. The child's brother testified that the victim often slept in the bed with Raymond and that Raymond would not allow him to sleep with them on those occasions.

On appeal, we view the evidence in the light most favorable to the verdict, and we only determine if the evidence is sufficient for a rational trier of fact to have found proof of guilt beyond a reasonable doubt. We do not weigh the evidence or judge credibility. *Johnson v. State*, 195 Ga. App. 385, 387 (6) (393 SE2d 712) (1990).

That the child's testimony was equivocal as to whether penetration occurred does not require reversal of either conviction. No penetration is required for child molestation to occur. See OCGA § 16-6-4 (a).

As for the incest conviction, the evidence presented satisfied the requirements of the incest statute. Incest is committed when a father has sexual intercourse with a person who he knows is his daughter. OCGA § 16-6-22 (a) (1). While we have found no cases addressing the issue of what must be shown to satisfy the "sexual intercourse" requirement of the incest statute, the "penetration" requirement of other sexual offense statutes has been examined by this Court.

In rape cases, for example, evidence of even slight penetration is sufficient to sustain a conviction. *McCulligh v. State*, 169 Ga. App. 717, 719 (3) (314 SE2d 724) (1984). The penetration requirement may be satisfied even where the vagina was not entered or the hymen ruptured; an entering of the anterior of the organ is sufficient. *Emanuel v. State*, 196 Ga. App. 449 (1) (396 SE2d 83) (1990). Similarly, the penetration requirement of aggravated sexual battery is met if only slight penetration is shown. OCGA § 16-6-22.2; *Hendrix v. State*, 230 Ga. App. 604 (497 SE2d 236) (1998). Penetration may be proved by indirect or circumstantial evidence. Id. See *Moss v. State*, 160 Ga. App. 42 (2) (285 SE2d 776) (1981) (evidence of penetration sufficient despite rape victim's inability to testify to such due to unconsciousness). We believe that slight penetration, including entry of the anterior of the organ, is sufficient to meet the intercourse element of the incest statute. A reasonable jury could have found from the evidence presented that slight penetration occurred.

Contrary to Raymond's contention, corroboration of the victim's testimony is not necessary to support a conviction for incest or child molestation. See *Legg v. State*, 207 Ga. App. 399, 400 (3) (428 SE2d 87) (1993); *Scales v. State*, 171 Ga. App. 924 (2) (321 SE2d 764) (1984). The evidence was sufficient for a rational trier of fact to find Raymond guilty of the offenses charged beyond a reasonable doubt. See *Legg*, supra; *Scales*, supra.

2. Raymond contends the trial court erred in allowing the state to introduce testimony regarding: (1) an incident witnessed by the child in which Raymond pointed a gun at her mother's head and then fired a shot into the stairwell; and (2) an incident in which Raymond rammed his car into her mother's car and then broke out windows in the house and car. The evidence, he argues, improperly interjected the issue of his character. The state purportedly sought to introduce the evidence to show the child victim's reasons for not reporting the acts of molestation and incest sooner.

Testimony which explains conduct is admissible if it is relevant to the issues involved. *Pittman v. State*, 179 Ga. App. 760, 762 (3) (348 SE2d 107) (1986) (testimony explained why victim did not report the offenses). If evidence showing a defendant has committed violent acts is relevant to an issue in the case, it is not inadmissible because it incidentally puts the defendant's character in issue. See

*Williams v. State*, 253 Ga. 690, 693 (1) (324 SE2d 440) (1985). "What is forbidden is the State's introduction in the first instance of evidence whose sole probative value is that it tends to show a defendant's bad character." (Citations and punctuation omitted.) *Turner v. State*, 202 Ga. App. 799, 801 (2) (415 SE2d 524) (1992).

The child testified that the molestation began when she was six or seven years old, but that she did not tell anyone until she was thirteen. A police officer who interviewed the child testified that when he asked her how she felt about her father and why she waited so long before reporting the abuse, she replied that she was "embarrassed and scared."

While cross-examining the child, defense counsel inquired into whether the molestation took place over a number of years, when she first reported or tried to report it, and whether she was comfortable enough with several people to have told them. During his cross-examination of the child's mother, defense counsel asked if it was correct that during the entire marriage the child never told her she was being sexually molested. The mother answered affirmatively. Furthermore, a psychologist testified that exposure to family violence "could play a large part in the reason" a child delays reporting sexual abuse.

Because the testimony complained of explained why the victim might have been afraid to report the offenses earlier, it was relevant. See *Pittman*, supra. We note that the trial court gave appropriate limiting instructions after the evidence of family violence was introduced. "Admission of evidence is a matter which rests largely within the sound discretion of the trial court and an appellate court will not interfere with its rulings absent abuse of that discretion." (Citations and punctuation omitted.) *Turner*, supra at 802. The trial court did not abuse its discretion in allowing the evidence.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 14, 1998.

*William D. Phillips*, for appellant.
*Charles H. Weston, District Attorney, Laura D. Hogue, Myra Y. Christian, Assistant District Attorneys*, for appellee.