## A99A1474. THE STATE v. BAKER.
(521 SE2d 24)

Judge Harold R. Banke.

Matthew Baker moved to exclude statements he made orally and in writing that he owned certain cocaine discovered by police. After hearing evidence, the trial court found that not only were *Miranda* warnings not timely given, but the confessions were involuntary. The State appeals the order excluding the confessions. See OCGA § 5-7-1 (a) (4).

Construed in favor of the court's order (see *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994)), the evidence showed that after observing traffic violations, Officer Davis followed but did not stop a car driven by Mark Baker in which his brother Matthew was a passenger. After the car turned down an alley and stopped, he observed Matthew run to the front of a house, stay briefly, and begin walking to the back of the house. Mark had also walked to the house and stood on its back porch.

Officer Davis stopped to speak with both men. The owner of the house (a relative of the Bakers) and additional officers appeared. Officer Davis received consent from the owner for police to search around the house for drugs. Behind some boards nailed to the side of the house, they found a plastic bag of cocaine. Officer Davis immediately handcuffed Matthew, brought him to the front of the house, and told him that he knew the drugs belonged to him and he should own up to it; otherwise, Officer Davis would have the bag fingerprinted. Matthew said nothing.

Officer Davis then turned to the homeowner and announced he could be arrested for the drugs if Matthew did not confess. Matthew said nothing. Frustrated, Officer Davis then stated he *would* arrest Mark, Matthew, and the homeowner if Matthew did not confess. Matthew said nothing. The homeowner then joined in the fray, telling Matthew to confess if the drugs belonged to him. Another relative appeared and demanded to know why the police were pressuring Matthew to confess to owning drugs that no one knew about. While pointing a finger at the relative and demanding that he leave, a nearby officer unsnapped his revolver holster and began to pull the weapon out. Officer Davis reiterated his threat to take all three men to jail if Matthew did not confess that he owned the drugs. Not wanting his relatives to go to jail, Matthew finally admitted the drugs belonged to him. Officer Davis asked Matthew to write out a statement to that effect, and Matthew agreed.

Only at this point did Officer Davis read Matthew his *Miranda* rights. Matthew signed a document waiving those rights and reluctantly wrote out a short confession on the spot, in which he admitted to owning the drugs. *Held*:

1. When an accused objects to the admission of his confession,

> the state must prove, by a preponderance of the evidence, that the confession was voluntary, and, if the confession is the product of a custodial interrogation by officers of the government, that the confession was preceded by the [accused's] knowing and voluntary waiver of his *Miranda* rights.

(Citations omitted.) *Brooks v. State*, 244 Ga. 574, 581 (2) (261 SE2d 379) (1979); see *Perry v. State*, 255 Ga. 490, 492 (2) (339 SE2d 922) (1986); *McLeod v. State*, 170 Ga. App. 415 (1) (317 SE2d 253) (1984). Here the trial court found the State failed to prove either voluntariness or a valid *Miranda* waiver.

We address the findings on the *Miranda* waiver first. The standard of review is threefold: (a) if there is any evidence to support those findings, we will not disturb them; (b) the court's decisions regarding questions of fact and credibility must be accepted unless clearly erroneous; and (c) we construe the evidence to uphold the trial court's findings. *Tate*, 264 Ga. at 54 (1).

Baker's oral and written confessions resulted from a custodial interrogation. Handcuffed and surrounded by several police officers, Matthew's freedom of action was clearly curtailed so as to establish custody for *Miranda* purposes. *United States v. Smith*, 3 F3d 1088, 1097-1098 (V) (A) (7th Cir. 1993); see *Thomason v. State*, 268 Ga. 298, 302-303 (2) (c) (486 SE2d 861) (1997). While Matthew was in custody, Officer Davis interrogated him by express questions and also by words and actions designed to elicit an incriminating response. See *Rhode Island v. Innis*, 446 U. S. 291, 300-301 (100 SC 1682, 64 LE2d 297) (1980); *Franks v. State*, 268 Ga. 238, 240 (486 SE2d 594) (1997). Because Officer Davis failed to warn Matthew of his *Miranda* rights, his oral statements were inadmissible. *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966); *Metheny v. State*, 197 Ga. App. 882, 884-885 (1) (b) (400 SE2d 25) (1990).

2. The question then arises whether reading Matthew his *Miranda* rights prior to his writing out a confession on the spot removed the taint of improper coercion from the written statement. The Supreme Court held in *Oregon v. Elstad*, 470 U. S. 298, 314 (105 SC 1285, 84 LE2d 222) (1985), that an unwarned admission does not automatically bar a later confession preceded by proper warnings. However, if actual coercion attended the first statement, then the subsequent confession is normally rendered inadmissible under the "fruit of the poisonous tree" doctrine. *Martin v. Wainwright*, 770 F2d 918, 928 (11th Cir. 1985); cf. *Elstad*, 470 U. S. at 314.

Moreover, in determining whether *Miranda* rights were know-

ingly and voluntarily waived as to the second confession, the court must consider the effect of the first statement. As recognized by the Supreme Court in *United States v. Bayer*, 331 U. S. 532, 540 (67 SC 1394, 91 LE2d 1654) (1947), once the accused has made the oral confession, he has "let the cat out of the bag." See *United States v. Tyler*, 164 F3d 150, 156-157 (2) (3rd Cir. 1998).

Thus, the first issue is whether the unwarned statement was voluntarily made. *Livingston v. State*, 264 Ga. 402, 407-408 (6) (444 SE2d 748) (1994); *Moore v. State*, 263 Ga. 11 (1) (427 SE2d 766) (1993). This inquiry focuses on whether police used coercive tactics to extract the admission. *Metheny*, 197 Ga. App. at 885-886 (1) (c). In light of the handcuffing of Matthew, the direct threats to Matthew that they would jail his relatives if he did not confess, the spontaneous observation by a third party that the police were pressuring Matthew to confess, and the actions of the officer in beginning to pull a gun in the emotionally charged and volatile atmosphere where police were demanding that Matthew confess, evidence supported the court's finding that under the totality of the circumstances police coercive activities resulted in an involuntary confession.

At this point a presumption arose that the coerced admission tainted the subsequent written confession. This presumption is overcome only if there was a break in the stream of events between the coerced statement and the subsequent confession such that the coercion surrounding the first statement sufficiently dissipated so as to make the second statement voluntary. *Clewis v. Texas*, 386 U. S. 707, 710 (87 SC 1338, 18 LE2d 423) (1967); *United States v. Perdue*, 8 F3d 1455, 1467-1468 (II) (10th Cir. 1993); *United States v. Henry*, 604 F2d 908, 921 (IV) (5th Cir. 1979). If the statements are closely or causally connected, then the subsequent statement is also inadmissible. *Gilpin v. United States*, 415 F2d 638, 641-642 (5th Cir. 1969); see *United States v. Jenkins*, 938 F2d 934, 940-941 (III) (A) (2) (9th Cir. 1991); *Grant v. Wainwright*, 496 F2d 1043, 1048-1049 (5th Cir. 1974).

Evidence supported the court's finding that same coercion also attended the subsequent written confession. Not only did the written confession immediately follow the coerced admission, but it took place at the same location under the watchful eye of the officers who had just forced the first confession. See *Perdue*, 8 F3d at 1467-1468. Moreover, before reading him *Miranda* rights, Officer Davis had wrested a commitment from Matthew that he would put the just stated admission in writing. Cf. *Mobley v. State*, 164 Ga. App. 154, 158 (6) (296 SE2d 617) (1982). The reading of the *Miranda* rights did little to dissipate the coercion present throughout the encounter.

3. The above analysis also supports the court's finding that the confessions were not freely and voluntarily given. The court did not clearly err in excluding all of Matthew's statements.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 30, 1999.

*J. David Miller, District Attorney, James B. Threlkeld, Assistant District Attorney*, for appellant.
*Copeland & Haugabrook, Karla L. Walker*, for appellee.