## A00A0864. WISER v. THE STATE.
### (530 SE2d 278)

McMURRAY, Presiding Judge.

A jury convicted Howard M. Wiser of incest for offenses committed against his 36-year-old niece. The evidence shows that the victim suffers from brain damage, partial paralysis on her right side, and legal blindness. Her mother, Wiser's sister, died in 1990. Wiser became the victim's guardian and legal custodian of her child. The acts which formed the basis of his conviction took place during the victim's overnight visits to his home. He appeals. *Held*:

1. The trial court erred in charging the jury that the statute of limitation for incest is seven years. The statute is four years. OCGA § 17-3-1.

Trial counsel made no contemporaneous objections and no excep-

tions to the court's charge to the jury. Such silence waives the right to raise this issue on appeal unless there has been a substantial error which was harmful as a matter of law.[1] OCGA § 5-5-24 (c). The court's charge was a clear misstatement of applicable law.[2] Our task, therefore, is to determine whether it was harmful error.

The prosecution commenced with the return of the indictment on March 5, 1997. The indictment alleges that the offenses were committed between June 1, 1996 and December 1, 1996. Our review of the record shows sufficient evidence, including testimony by both the victim and a special agent for the Georgia Bureau of Investigation, to authorize a finding that the defendant committed at least two acts of incest against the victim during the time alleged in the indictment, which was well within the four-year limitation period. It follows that the error in the jury charge was harmless.[3]

2. Next, Wiser contends that the trial court erred in charging the jury "in connection with this offense, . . . corroboration is not required to warrant a conviction for the offense of incest." This enumeration is meritless.

"[C]orroboration of the victim's testimony is not necessary to support a conviction for incest. . . ."[4] The trial court's charge was a correct statement of the law. Contrary to Wiser's argument, the trial court's use of the phrase "in connection with this offense" was not a comment on the evidence. In any event, Wiser failed to preserve this issue for appellate review by not objecting to the charge.[5]

3. Finally, Wiser enumerates as error the denial of his motion for a directed verdict of acquittal on the ground that the State failed to prove sexual intercourse occurred.[6] We disagree.

Evidence of slight penetration is all that is required to sustain a conviction.[7] In the case sub judice, the victim testified that she understood how sexual relations took place because she had had a child. She further stated that the defendant would get on top of her and "do sex" to her. Finally, she testified that while he was on top of her, he touched her vagina with "his thing." The evidence could have led a reasonable jury to find that slight penetration took place. Moreover, the evidence presented was sufficient for a rational trier of fact

---

[1] *Early v. State*, 218 Ga. App. 869, 870 (1) (463 SE2d 706).

[2] Id.

[3] *Peavy v. State*, 179 Ga. App. 397 (1) (346 SE2d 584).

[4] *Raymond v. State*, 232 Ga. App. 228, 229 (1) (501 SE2d 568).

[5] *Selley v. State*, 237 Ga. App. 47, 49 (4) (514 SE2d 706); *Stone v. State*, 236 Ga. App. 365, 367 (3) (511 SE2d 915).

[6] Under OCGA § 16-6-22 (a) (6), an uncle who engages in sexual intercourse with a person who he knows is his niece commits the offense of incest.

[7] *Raymond*, 232 Ga. App. at 229, supra.

to find Wiser guilty of incest beyond a reasonable doubt.[8]
 *Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED MARCH 2, 2000 — 

*Christopher A. Townley*, for appellant.
 *Herbert E. Franklin, Jr., District Attorney, Leonard C. Gregor, Jr., Assistant District Attorney*, for appellee.

