A05A1229. JOHNSON v. THE STATE.
(618 SE2d 716)

BLACKBURN, Presiding Judge.
Following a jury trial, Eddie Wade Johnson appeals his conviction for aggravated assault and his subsequent guilty plea to the bifurcated charge of possession of a firearm by a convicted felon, contending that: (1) the evidence was insufficient to support his conviction for aggravated assault; (2) the trial court erred by failing to instruct the jury, sua sponte, to disregard testimony that a Federal Bureau of Investigation (FBI) agent was involved in Johnson's arrest, thereby allowing his character to be impermissibly considered by the

jury; (3) the trial court erred by admitting pictures of Johnson holding a handgun; (4) his trial counsel rendered ineffective assistance; and (5) the trial court erred by denying his motion to withdraw his plea of guilty to possession of a firearm by a convicted felon. For the reasons set forth below, we affirm.

1. Johnson contends that the evidence was insufficient to support the jury's verdict of aggravated assault.[1] We disagree.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Johnson] no longer enjoys a presumption of innocence. Further, we do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*.[2] The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation and footnote omitted.) *Salgado v. State*.[3]

Viewed in this light, the record shows that Johnson dated Lisa Pruitt for a short period of time. After the relationship ended, however, Pruitt continued to call Johnson repeatedly, thereby angering him. Late at night on December 12, 2001, Johnson went to Pruitt's apartment, stood outside her door, and called her on his cell phone. When Pruitt answered, he told her to come and open her door so that he could talk to her. Wary, Pruitt opened the door with the security chain still in place. When she did so, Johnson thrust a handgun through the opening, pointed it at Pruitt, and asked her if she was going to call him anymore. Pruitt said no, shut the door, and ran to her bedroom. Johnson then shot two rounds through the apartment door and left.

When police arrived at Pruitt's apartment, they discovered two .40 caliber shell casings on the floor, and Pruitt told the police the address of Johnson's girlfriend's apartment where he had been living. The police went to the address, and Johnson's girlfriend allowed them to search the apartment. Inside, police discovered a shell casing matching the ones found at Pruitt's apartment as well as photographs of Johnson holding a handgun.

---

[1] OCGA § 16-5-21 (a) (2) provides, in relevant part, a "person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Salgado v. State*, 268 Ga. App. 18, 19 (601 SE2d 417) (2004).

This evidence was sufficient to support Johnson's conviction. See *Jackson*, supra.

2. Johnson contends that the trial court erred by failing to instruct the jury, sua sponte, to disregard testimony that an FBI agent was involved in Johnson's arrest, thereby allowing his character to be impermissibly considered by the jury. The transcript shows that a police officer involved in the case mentioned the name of an FBI agent whom he had consulted with during the investigation. Johnson objected, and no statement was made to the jury regarding the nature of the FBI's involvement. Nonetheless, Johnson contends that the testimony implied that he was involved in a federal crime. In subsequent colloquy outside the presence of the jury, all parties agreed that no further mention of the FBI agent's name would be made, and Johnson neither objected to this procedure nor requested any type of curative instruction.

Without any citation of authority, Johnson now contends that the trial court erred by failing to give the jury a curative instruction sua sponte. However, it is well settled that "[b]ecause [Johnson] failed to ask for a mistrial or a curative instruction, the trial court did not err in failing to give one sua sponte." *Morrison v. State.*[4] Therefore, this enumeration lacks merit.

3. Johnson contends that the trial court erred by admitting certain improper character evidence, namely pictures of him holding a handgun which were discovered in his girlfriend's apartment. The transcript of the trial, however, reveals that Johnson stated that he had no objection to the pictures when they were initially admitted into evidence. Later in the trial, however, Johnson attempted to object to the admission of the pictures on the basis that no proper foundation had been laid prior to their consideration.

Under the facts of this case, Johnson has waived this issue for appeal. Pretermitting Johnson's failure to object when the pictures were initially admitted, his subsequent objection to the evidence was based on foundation, not on character evidence which he argues for the first time on appeal. It is well settled that "grounds which may be considered on appeal are limited to those which were raised at trial [and a]n objection on a specific ground at trial waives any objection to that evidence on other grounds on appeal." (Citations and punctuation omitted.) *Walker v. State.*[5] Moreover, even if Johnson had preserved this issue for appeal, "[g]un ownership and the custom of

---

[4] *Morrison v. State*, 276 Ga. 829, 834 (4) (583 SE2d 873) (2003).
[5] *Walker v. State*, 258 Ga. App. 333, 336 (3) (574 SE2d 400) (2002).

carrying a gun do not, by themselves, impute bad character." *Davis v. State.*[6]

4. Johnson contends that his trial counsel rendered ineffective assistance, arguing solely that his trial counsel failed to call a potential alibi witness during his trial. This contention lacks merit.

In order to prevail on his claim, Johnson must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. See *Strickland v. Washington.*[7] Furthermore,

> [t]he decisions on which witnesses to call, whether and how to conduct cross-examination, which jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client. Trial counsel's strategic decisions made after thorough investigation are virtually unchallengeable.

(Citation omitted.) *Teat v. State.*[8]

A review of the transcript of the motion for new trial reveals that Johnson's trial attorney spoke with Johnson's potential alibi witness, and this witness stated that he would not testify on Johnson's behalf. In addition, after speaking with this alibi witness, trial counsel determined that the alibi, itself, strained credulity and, as a matter of strategy, might harm Johnson's case if presented to the jury. As Johnson has provided no evidence which unequivocally shows that he was harmed by his counsel's trial strategy, we must reject his argument that he received ineffective assistance.

5. Finally, Johnson contends that the trial court erred by denying his motion to withdraw his guilty plea to the crime of possession of a firearm by a convicted felon, contending that he pled guilty only to mitigate the damage done by his trial counsel's ineffective assistance. In general, a ruling on a motion to withdraw a guilty plea lies within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of that discretion. *Johnson v. State.*[9]

As found above, Johnson's trial counsel did not render ineffective assistance. Therefore, Johnson's contention that he was essentially forced to plead guilty to possession of a firearm due to any such ineffective representation must also fail.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

---

[6] *Davis v. State*, 272 Ga. 327, 329 (2) (528 SE2d 800) (2000).

[7] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[8] *Teat v. State*, 237 Ga. App. 867, 869 (2) (516 SE2d 794) (1999).

[9] *Johnson v. State*, 260 Ga. App. 897, 899 (1) (581 SE2d 407) (2003).

DECIDED JULY 27, 2005.

*Thomas S. Robinson III*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.