## A05A1238. AARON v. THE STATE.
### (620 SE2d 499)

MILLER, Judge.

Following a jury trial, Jonathan Issac Aaron was found guilty on one count of aggravated sexual battery and four counts of child molestation based on various incidents involving his three nieces. On appeal he contends that (1) the evidence was insufficient to sustain his conviction for aggravated sexual battery, (2) the trial court erred in failing to merge one of the child molestation counts into the aggravated sexual battery count, (3) the trial court erred in its jury charge on intent, and (4) his trial counsel was ineffective. We discern no error and affirm.

1. Aaron contends that the evidence was insufficient to sustain his conviction for aggravated sexual battery. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence relating to the aggravated sexual battery victim reveals that, in the victim's own words, Aaron "pull[ed] [her] underclothes down and opened [her vagina] and play[ed] around in there" with his fingers while the ten-year-old girl attempted to sleep. This evidence sufficed to show the "slight penetration" with a "foreign object" and the lack of consent necessary to sustain Aaron's conviction for aggravated sexual battery. See *Hardeman v. State*, 247 Ga. App. 503, 504 (2) (544 SE2d 481) (2001) (finger constitutes foreign object for purposes of aggravated sexual battery); *Hendrix v. State*, 230 Ga. App. 604, 607 (4) (497 SE2d 236) (1998) (slight penetration will suffice to show penetration element of aggravated sexual battery and may be proven by indirect or circumstantial evidence); see also OCGA § 16-6-22.2 (b).

2. Aaron argues that the trial court erred in failing to merge for sentencing purposes the aggravated sexual battery count with the child molestation count relating to the same victim. We disagree.

"Under OCGA § 16-1-6 (1), offenses merge as a matter of fact only if one of them is established by proof of the same or less than all the facts used to prove the other." (Citation and punctuation omitted.) *Ellis v. State*, 211 Ga. App. 605, 609 (5) (440 SE2d 235) (1994). Count 1 of the indictment charged Aaron with "intentionally penetrat[ing] with . . . his fingers . . . the sexual organ of [the victim] without the consent of [the victim]." Count 2 charged him with "commit[ting] an immoral and indecent act to [the victim], a child under the age of sixteen (16) years, by rubbing [the victim's] female sex organ with [his hand], with the intent to arouse and satisfy [his] sexual desires." These were separate acts upon which the State produced evidence.[1] Neither count consisted of alleged actions that were factually or legally contained in the other count. See *Davis v. State*, 214 Ga. App. 360, 361 (4) (448 SE2d 26) (1994). Therefore, the counts did not merge for sentencing purposes, and the trial court correctly sentenced Aaron on each separate count. Id.

3. Aaron asserts that the trial court erred in giving a pattern jury charge on general intent when the crime of child molestation requires specific intent. We have previously held, however, that a trial court does not err in giving a charge on general intent where the charge as a whole adequately informs the jury about the elements of the specific-intent crime and further informs them of the State's burden to prove such elements beyond a reasonable doubt. See *Stephens v. State*, 255 Ga. App. 680, 683 (3) (569 SE2d 250) (2002). Here, as in *Stephens*,

> [t]he court charged the jury on the statutory definition of child molestation and read the indictment to the jury two times. Moreover, the jury had the indictment with them in the jury room during deliberations. Therefore, the charge as a whole, including the trial court's charge on general criminal intent, when considered together with the charges on the elements of an offense of specific intent and the State's burden of proving each element of the offense, was not confusing and provided sufficient guidelines for the jury.

(Citation omitted.) Id.

---

[1] Aaron does not challenge the sufficiency of evidence relating to the child molestation count.

4. Aaron urges that his trial counsel was ineffective (a) for failing to impeach the three victims with evidence of their bad character, (b) for failing to raise evidence of a prior false allegation allegedly made by one of the victims, and (c) for failing to raise evidence of the victims' motivations for fabricating their allegations against Aaron. We disagree.

To prove ineffective assistance, Aaron was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

(a) Aaron claims that his trial counsel was ineffective for failing to impeach the victims' testimony with evidence that showed their propensity to lie. The record reveals, however, that trial counsel did in fact elicit testimony from the victims' grandmother, who stated that one of the victims was a liar and that she did not believe any of the victims' stories. Moreover, trial counsel consulted with Aaron on his strategy of balancing his attack on the victims' credibility against the risk of alienating members of the jury. Evidence supported the trial court's conclusion that trial counsel was not ineffective for failing to seek additional character evidence to portray the victims as liars. See, e.g., *Campos v. State*, 263 Ga. App. 119, 122 (587 SE2d 264) (2003) (after consultation with client, trial counsel's strategic decision to avoid cross-examination of child victim did not constitute ineffective assistance).

(b) In her videotaped statement to the police, one of the victims stated that her cousin Drew had molested her in the past. Although trial counsel did not call Drew as a witness at trial to rebut this allegation, he did cross-examine the witness about her prior accusation against Drew to challenge her credibility. Counsel made a strategic decision not to call Drew to the stand, since he did not want to give the State the opportunity to argue that Aaron's side of the family simply protected their child molesting relatives whenever children on the other side of the family claimed to have been abused. Moreover, even without Drew's denial, the victim's grandmother testified at trial that this particular victim had a propensity to lie. We find that evidence supported the trial court's conclusion that counsel's performance was not deficient in this respect and did not result in prejudice to Aaron. See *Pittman v. State*, 243 Ga. App. 564, 567 (2) (b) (533 SE2d 769) (2000).

(c) Aaron alleges that trial counsel should have done more to expose the victims' motivation for fabricating their stories against

him in light of problems that the girls had with Aaron's side of the family. The record reveals, however, that trial counsel did indeed raise this issue. He also discussed this strategy with Aaron.

> While other counsel, had they represented appellant, may have exercised different judgment, the fact that the trial counsel chose to try the case in the manner in which it was tried and made certain difficult decisions regarding the defense tactics to be employed with which appellant and his present counsel now disagree, does not require a finding that the representation below was so inadequate as to amount to a denial of effective assistance of counsel.

(Citation omitted.) *Van Alstine v. State*, 263 Ga. 1, 4-5 (426 SE2d 360) (1993).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 30, 2005.

*Zell & Zell, Rodney S. Zell*, for appellant.
Jonathan I. Aaron, *pro se.*
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.