## A06A0627. MONTGOMERY v. THE STATE.
(631 SE2d 717)

</div>

MILLER, Judge.

Following a jury trial, Michael Montgomery was convicted of two counts of robbery. Montgomery appeals, contending that the trial court erred in denying his motion to suppress evidence gathered following a traffic stop. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that a police officer stopped a Ford Explorer that had been reported as carjacked. The driver of the car, Broderick Chandler, indicated that Montgomery had given him permission to drive the Explorer and that he had called Montgomery and asked him to come to the scene. When Montgomery arrived, Chandler identified him as the person who had given him permission to drive the vehicle. The officer then conducted a pat-down search of Montgomery, removing everything from his pockets, including his wallet. It was later discovered that Montgomery's wallet contained identification documents belonging to the victim of the carjacking. Immediately after frisking him and without first advising him of his *Miranda* rights, the officer asked Montgomery if he had given Chandler permission to drive the Explorer and if he had been in possession of the vehicle before doing so. Montgomery responded affirmatively and claimed that someone else had given him the vehicle. The officer placed Montgomery in handcuffs and arrested him for possession of a stolen vehicle.

In challenging the denial of his motion to suppress, Montgomery argues that the pat-down search was illegal as overbroad and that no evidence showed that the search was conducted for a protective purpose. Further, Montgomery argues that his statements to police were inadmissible as the fruit of the poisonous tree and as coerced for lack of a *Miranda* warning. We disagree.

> Where, as here, the salient facts relating to a traffic stop are undisputed and no question regarding the credibility of witnesses is presented, the trial court's application of the law to the undisputed facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). This Court's responsibility in reviewing the trial court's decision on the motion to suppress is to ensure that there was a substantial basis for the trial court's decision. *State v. McFarland*, 201 Ga. App. 495 (411 SE2d 314) (1991).

*State v. Trammel*, 270 Ga. App. 395, 395-396 (606 SE2d 613) (2004).

Montgomery correctly observes that a *Terry* protective pat-down is unreasonable absent evidence showing that the officer performing such a pat-down believes the suspect to be armed or a threat to personal safety. *Edgell v. State*, 253 Ga. App. 775, 777 (560 SE2d 532) (2002); see *Terry v. Ohio*, 392 U. S. 1, 27 (III) (88 SC 1868, 20 LE2d 889) (1968) ("[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. [Cits.]"). He errs, however, in claiming that the undisputed evidence in this case does not establish that Montgomery may have been armed or otherwise a threat to the safety of the officer at the time of the pat-down search.

Here, the officer knew that the Explorer had been carjacked, which is inherently a crime of violence. OCGA § 16-5-44.1 (b); *Bradley v. State*, 272 Ga. 740, 742 (533 SE2d 727) (2000). The officer had called for backup which had not yet arrived. After Chandler identified Montgomery as the man from whom he had received the carjacked vehicle, the officer performed the pat-down for safety reasons. Therefore, we find that the trial court did not err in concluding that the pat-down search was proper.

Montgomery makes the further argument that the pat-down search was illegal as overbroad because it extended to the removal of the contents of his pockets. This issue was not raised below and is therefore waived on appeal. *Braithwaite v. State*, 275 Ga. 884, 889 (10) (572 SE2d 612) (2002); *Johnson v. State*, 274 Ga. App. 641, 643 (3) (618 SE2d 716) (2005).

Since the pat-down search was properly conducted for officer safety, Montgomery's statement to police was not rendered inadmissible. See *Ruffin v. State*, 201 Ga. App. 792, 793 (2) (a) (412 SE2d 850) (1991), citing *Wong Sun v. United States*, 371 U. S. 471, 487-488 (III) (83 SC 407, 9 LE2d 441) (1963) (evidence obtained as result of illegal search inadmissible as fruit of the poisonous tree).

Finally, a pat-down search, even a forcible one, does not amount to "custody" that would trigger the duty to read a *Miranda* warning. *Whatley v. State*, 196 Ga. App. 73, 78 (5) (395 SE2d 582) (1990). Here,

the trial court found that Montgomery was not in custody at the time he made his statement to police and further found that the officer was merely investigating what he had been told by Chandler when he asked the question that prompted Montgomery's statement. "*Miranda* warnings are not required when a person responds to an officer's initial inquiry at an on-the-scene investigation which has not become accusatory." (Citation and punctuation omitted.) *Thompson v. State*, 234 Ga. App. 74, 75 (1) (a) (506 SE2d 201) (1998). The trial court's finding as to custody was proper, and the lack of a *Miranda* warning did not render Montgomery's oral statement inadmissible. Id.; *Whatley*, supra, 196 Ga. App. at 78 (5). That Montgomery's oral statement was not coerced, no taint attached to the written statement he later provided to police. See *State v. Baker*, 238 Ga. App. 802, 804 (2) (521 SE2d 24) (1999) (voluntarily made unwarned oral statement does not prompt presumption of taint as to subsequent written statement). "Regardless, any error in admitting the statement would have to be deemed harmless because the statement was echoed by [Montgomery's] statement at trial." (Citation omitted.) *Larry v. State*, 266 Ga. 284, 286 (2) (a) (466 SE2d 850) (1996).

In light of the foregoing, the trial court did not err in denying Montgomery's motion to suppress. *McFarland*, supra, 201 Ga. App. at 495.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 16, 2006.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.