### A06A0718. ENURAH v. THE STATE.
(633 SE2d 52)

RUFFIN, Chief Judge.

A jury found Anthony Enurah guilty of aggravated sexual battery. Enurah appeals, asserting that the trial court erred in denying his motion for directed verdict and in admitting certain evidence. Finding no error, we affirm.

1. " 'The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction.' "[1] The evidence must be construed in a light favorable to the jury's verdict, and we do not weigh the evidence or assess witness credibility.[2] We merely determine whether the evidence was sufficient for a rational jury to find the defendant guilty beyond a reasonable doubt.[3]

Viewed in this manner, the record shows that Enurah worked as an x-ray technician at the Atlanta Medical Center, and the victim worked as a housekeeper in the same hospital. On January 27, 2002, the victim encountered Enurah while walking down a hospital stairwell toward the basement cafeteria. The victim did not know Enurah, but she recognized him as a hospital employee. Enurah began whispering to her, commenting on her appearance and stating that she was " 'sexy.' " He then asked whether she liked to shop, and she said "yes." By this time, they had reached the basement. Enurah continued to talk to the victim as they exited the stairwell. He then opened up a nearby elevator using a key and pulled the victim into the vacant elevator by her arm.

Once inside the elevator, Enurah reached into the victim's sweat pants and underwear, placing his hand inside her "vagina area." The victim pushed him away, opened the elevator, and ran into the nearby cafeteria. When she sat down, she felt "something" in her underwear. Upon inspection, she found a $20 bill that had not been in her underwear before she encountered Enurah.

At trial, Enurah testified that the victim asked him for money after describing her financial problems to him. According to Enurah,

---

[1] *Flores v. State*, 277 Ga. App. 211, 212 (3) (626 SE2d 181) (2006).

[2] See *Aaron v. State*, 275 Ga. App. 269 (1) (620 SE2d 499) (2005).

[3] See id.

he decided to "help her out," gave her $20, and returned to work. Enurah denied making any physical contact with the victim.

The State presented evidence of four similar transactions involving Enurah. S. H., another employee at the Atlanta Medical Center, testified that in January 2001, Enurah inquired whether she wanted to make some extra money. She asked him what he was talking about, but he would not give her any details. A few days later, he placed $20 in her pocket. When S. H. tried to return the money, he insisted that she keep it. After several weeks, Enurah approached her again and offered to buy her a dress if she allowed him to "put his hands down in [her] pants." S. H. declined, and they never spoke again.

A. T. testified that while she was working at the Atlanta Medical Center in August or September 2000, Enurah offered to buy her clothes and give her $50 if she let him "kiss it." A. T. understood that Enurah wanted to "kiss" her vagina.

L. C., who was a patient at a hospital where Enurah previously worked as an x-ray technician, testified that in February 1999, she went to the hospital for x-rays of her face. While preparing to take an x-ray, Enurah rubbed her face and hair, telling her that she was pretty. He then removed $10 from his wallet and asked if he could "look" and if she would let him fondle her. L. C. said "no" and ran out of the room.

Another patient, M. N., encountered Enurah in November 2002 after a physician sent her for an x-ray of her abdomen. According to M. N., Enurah placed his hand inside her vagina as he prepared for the x-ray. M. N.'s doctor testified that a technician would not need to touch a patient's vaginal area to take an abdominal x-ray.

Based on this and other evidence, the jury found Enurah guilty of aggravated sexual battery. A person commits this offense "when he intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person."[4] The term "foreign object" means "any article or instrument other than the sexual organ of a person," including a hand or finger.[5] And the penetration need only be slight.[6]

On appeal, Enurah argues that the State failed to prove penetration in this case. As noted above, however, the victim testified that Enurah put his hand *inside* her "vagina area." Such testimony authorized the jury to conclude that Enurah penetrated the victim's

---

[4] OCGA § 16-6-22.2 (b).

[5] OCGA § 16-6-22.2 (a). See also *Hardeman v. State*, 247 Ga. App. 503, 504 (2) (544 SE2d 481) (2001).

[6] See *Aaron*, supra.

sexual organ with a foreign object.[7] Any equivocation in the victim's testimony raised issues of credibility for the jury, rather than for this Court, to resolve.[8]

2. Enurah also argues that the trial court erred in admitting testimony regarding the four similar transactions. Before similar transaction evidence may be introduced, the State must:

> (1) identify an appropriate purpose for the introduction of the independent offense or act, (2) show a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter, and (3) present competent evidence that the defendant committed the independent offense or act.[9]

A trial court's decision to admit similar transaction evidence must be upheld absent an abuse of discretion.[10] "Moreover, Georgia courts construe the rules regarding the use of similar transaction evidence liberally in cases involving sexual offenses."[11] Given these standards, we find no error in the admission of the similar transaction evidence.

The record shows that the State sought to introduce the evidence to prove Enurah's bent of mind and motive, proper purposes for the admission of similar transactions.[12] And each similar transaction witness positively identified Enurah as the person who committed the independent act. We must consider, therefore, whether the trial court properly found a sufficient connection between the independent acts and the charged offense.

In cases involving forcible sexual assaults, "this type of deviant sexual behavior is a sufficiently isolated abnormality so that proof of the propensity of the defendant to engage in it is at least admissible, and to this extent proof of the one tends to establish the other."[13] With respect to the incident involving M. N., the evidence showed that Enurah digitally penetrated her vagina while she was a patient at a hospital where he worked. We agree with the trial court that proof of this incident tended to prove the offense at trial, which also involved

---

[7] See id.; *Wiser v. State*, 242 Ga. App. 593, 594 (3) (530 SE2d 278) (2000); *Raymond v. State*, 232 Ga. App. 228, 229 (1) (501 SE2d 568) (1998).

[8] See *Holloway v. State*, 268 Ga. App. 300, 301 (1) (601 SE2d 753) (2004).

[9] *Glass v. State*, 255 Ga. App. 390, 393 (2) (565 SE2d 500) (2002).

[10] See id.

[11] *De'Mon v. State*, 262 Ga. App. 10, 13 (2) (584 SE2d 639) (2003).

[12] See *Glass*, supra ("[I]t is well established that evidence of an independent offense or act may be admitted to show a defendant's bent of mind, course of conduct, motive, intent, or lack of mistake.").

[13] *Wilson v. State*, 220 Ga. App. 487, 490 (2) (a) (469 SE2d 516) (1996).

digital penetration in a hospital setting. Accordingly, the trial court did not err in admitting this similar transaction evidence.[14]

The three other similar transaction incidents did not involve an actual touching. In each case, however, Enurah offered a female money or clothing in exchange for a sexual favor of some sort. And given Enurah's claim that he simply gave the victim in this case money to help her with her financial difficulties, evidence of these incidents tended to disprove his defense. Under these circumstances, the trial court did not abuse its discretion in admitting evidence regarding the similar transactions involving S. H., A. T., and L. C.[15]

3. Finally, Enurah argues that the trial court erred in permitting numerous witnesses to testify regarding the similar transaction involving M. N. In addition to M. N.'s testimony, the State presented six other witnesses who testified about the incident, including M. N.'s doctor, several hospital employees, and a police officer. Enurah asserts that the testimony from these additional witnesses was cumulative and, therefore, improper. The record shows, however, that Enurah did not object to the testimony from these witnesses as cumulative. Accordingly, he has waived this claim of error for purposes of appeal.[16]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 16, 2006.

*Yinka T. Omole*, for appellant.
*Paul L. Howard, Jr., District Attorney, Stephany J. Lewis, Assistant District Attorney*, for appellee.

---

[14] See *De'Mon*, supra at 13-14; *Wilson*, supra.
[15] See *Helton v. State*, 268 Ga. App. 430, 433 (3) (b) (602 SE2d 198) (2004) (similar transaction evidence admissible to rebut defense of fabrication).
[16] See *Johnson v. State*, 274 Ga. App. 641, 643 (3) (618 SE2d 716) (2005) ("It is well settled that grounds which may be considered on appeal are limited to those which were raised at trial and an objection on a specific ground at trial waives any objection to that evidence on other grounds on appeal.") (punctuation omitted).