A07A0510. COLEMAN v. THE STATE.
(644 SE2d 910)

RUFFIN, Judge.

A jury found Randy Coleman guilty of aggravated sexual battery. On appeal, Coleman challenges the sufficiency of the evidence. Coleman also contends that the trial court erred in admitting similar

---

transaction evidence. Finding the evidence sufficient and no error in the admission of evidence, we affirm.

1. On appeal from a criminal conviction, the defendant no longer enjoys a presumption of innocence, and we view the evidence in a light favorable to the verdict.[1] We neither weigh the evidence nor determine witness credibility, but merely determine whether the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt.[2]

Viewed in this light, the record reveals that during the morning of March 17, 2003, the victim was jogging down the street when she was approached by a man. After the man passed her, the victim felt someone lift her jacket and grope her buttocks. According to the victim, she felt a hand "between [her] legs groping inside [her] — vaginal area. And [she] felt a finger penetrate [her] vagina through [her] clothes." The victim spun around, saw a man — unknown at the time, but subsequently identified as Coleman — and began to scream. Coleman ran to a white car that was parked a few feet away. The victim followed the man, obtained the license plate number of the car, and called out that she had gotten the number. At that point, Coleman made a lewd gesture toward the victim using his tongue.

Christopher Churchwell, who was working at a nearby business, heard the victim scream, looked from a window, and saw the victim struggling with Coleman. Churchwell went outside and saw the attacker drive away. The victim then entered Churchwell's office and called the police. Using the license plate number provided by the victim, the police learned the car belonged to Coleman's girlfriend. Both the victim and Churchwell were able to identify Coleman as the offender. In a statement given to police, Coleman admitted to "grabb[ing] [the victim's] butt."

Pursuant to OCGA § 16-6-22.2 (b), "[a] person commits the offense of aggravated sexual battery when he or she intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person." Here, the victim's testimony that Coleman placed a finger in her vagina without her consent is sufficient to establish the offense.[3]

On appeal, Coleman contends that the victim's trial testimony that penetration occurred was inconsistent with her statement to the police that Coleman was merely attempting to "feel" her vagina and thus her testimony should be discounted. However, it is the function

---

[1] See *Aaron v. State*, 275 Ga. App. 269 (1) (620 SE2d 499) (2005).

[2] See id.

[3] See *Goldstein v. State*, 283 Ga. App. 1, 2-3 (1) (640 SE2d 599) (2006).

of the jury, not this Court, to resolve any alleged conflicts or inconsistencies in the testimony.[4] Here, the victim testified unequivocally at trial that Coleman inserted his finger into her vagina. When pressed regarding the alleged inconsistency in her statement to the police, the victim conceded that she may not have been "clear enough" in her statement to the police because she was embarrassed. Under these circumstances, the jury was clearly authorized to accept the victim's trial testimony and to find Coleman guilty of aggravated sexual battery.[5]

2. During trial, the State also presented testimony from a similar transaction witness, Keri Smith. Smith testified that, one morning in March 2003, she was jogging in her neighborhood when she realized that she was being followed by a male in a white car. When Smith stopped and made eye contact with the driver, he made a lewd gesture toward her using his hands and mouth, which frightened Smith. Smith identified Coleman as the man who had followed her.

Before the State may introduce similar transaction evidence, it first must: (1) establish that the evidence is being admitted for an appropriate purpose; (2) demonstrate a sufficient similarity between the earlier offense and the crime charged such that evidence of the former tends to prove the latter; and (3) provide competent evidence that the defendant committed the independent offense or act.[6] "Moreover, Georgia courts construe the rules regarding the use of similar transaction evidence liberally in cases involving sexual offenses."[7] This is so because, in cases involving forcible sexual assaults, there is sociological evidence to support the conclusion that certain "deviant sexual behavior is a sufficiently isolated abnormality so that proof of the propensity of the defendant to engage in it is at least admissible, and to this extent proof of the one tends to establish the other."[8] A trial court retains discretion in determining whether to admit such evidence, and we will not interfere with that ruling absent abuse.[9]

Coleman contends that the trial court abused its discretion in admitting this evidence, arguing that there were insufficient similarities between the prior transaction and the crime for which he was charged to warrant admission of the former. We disagree. Both the offense charged and the similar transaction occurred in March 2003.

---

[4] See *Duvall v. State*, 273 Ga. App. 143, 144 (1) (c) (614 SE2d 234) (2005).

[5] See *Goldstein*, supra; *McGhee v. State*, 263 Ga. App. 762, 763 (1) (589 SE2d 333) (2003).

[6] See *Enurah v. State*, 279 Ga. App. 883, 885 (2) (633 SE2d 52) (2006).

[7] (Punctuation omitted.) Id.

[8] (Punctuation omitted.) *Harmon v. State*, 281 Ga. App. 35, 39 (3), n. 25 (635 SE2d 348) (2006).

[9] See *Enurah*, supra.

And in both cases, Coleman victimized a female jogger during morning hours. Moreover, both acts involved Coleman making lewd gestures toward the women, using his mouth. Although the two incidents were not identical, similar transactions do not need to be identical in order to be admitted.[10] Given that the crime involved was a forcible sexual assault, we find no abuse of discretion in the trial court's decision to admit evidence of the similar transaction.[11]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED APRIL 6, 2007.

*L. Elizabeth Lane*, for appellant.
*Howard Z. Simms, District Attorney*, for appellee.

---

[10] See *Attaway v. State*, 279 Ga. App. 781, 783 (3) (632 SE2d 397) (2006); *Harmon*, supra.
[11] See *Harmon*, supra; *Enurah*, supra.