## A08A0556. DRIGGERS v. THE STATE.
(662 SE2d 872)

BERNES, Judge.

An Effingham County jury convicted Clayton Manning Driggers of aggravated sexual battery and child molestation. Driggers appeals from the denial of his motion for new trial, contending that the evidence was insufficient to sustain his convictions. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt [under the standard of] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation and punctuation omitted.) *Aaron v. State*, 275 Ga. App. 269 (1) (620 SE2d 499) (2005).

So viewed, the evidence shows that Driggers had known the 15-year-old victim for many years. The victim and Driggers's niece were close friends, and Driggers had befriended the victim's mother. One evening, the victim and Driggers's niece visited Driggers's home. Driggers ordered a pizza and gave the victim beer to drink. Later that night, the girls became tired and Driggers told them that they could sleep in his bed. While the girls were sleeping, the victim was awakened when she felt Driggers's hand inside of her pants. Driggers digitally penetrated the victim's vagina and masturbated until he ejaculated onto the victim.

The victim pretended to be asleep throughout the incident and did not resist because she was afraid. She "put [her] face into the pillow and squeezed [her] eyes shut[,] hoping [Driggers] would stop." Following the incident, the victim felt nauseated, ran to the bathroom, and vomited. Thereafter, Driggers tried to convince the victim to come back into the bedroom, but the victim refused and instead spent the rest of the night on the couch.

On the following day, the victim disclosed the molestation to Driggers's niece. The victim also disclosed the molestation to another friend at school, who convinced her to report the incident to the school guidance counselor. After the school counselor was informed of the molestation, she reported it to the police and an investigation ensued.

During the investigation, Driggers waived his *Miranda* rights and gave the police a written statement in which he admitted

digitally penetrating the victim's vagina while masturbating. Driggers also testified at trial. In describing the incident, Driggers admitted that he had touched the victim's private area and had ejaculated onto the victim, but he claimed that the victim had been flirting with him and that the sexual acts were consensual.

Based upon the above cited evidence, Driggers's convictions of aggravated sexual battery and child molestation were authorized. See OCGA §§ 16-6-4 (a),[1] 16-6-22.2;[2] *Aaron*, 275 Ga. App. at 269 (1); *Childers v. State*, 257 Ga. App. 377, 377-378 (1) (571 SE2d 420) (2002); *Sewell v. State*, 244 Ga. App. 449, 451-452 (1) (a)-(c) (536 SE2d 173) (2000). Driggers nevertheless maintains that his conviction should be reversed since there was evidence that the sexual acts were consensual and there was no evidence corroborating the victim's testimony to the contrary.

Notwithstanding Driggers's claims, under Georgia law, children under the age of 16 cannot legally consent to acts which constitute child molestation. See *Luke v. State*, 222 Ga. App. 203, 206, n. 2 (474 SE2d 49) (1996), overruled on other grounds by *Brewer v. State*, 271 Ga. 605 (523 SE2d 18) (1999). See also OCGA § 16-6-4 (a). Moreover, the 15-year-old victim testified that she did not consent to Driggers's acts, she did not resist because she was afraid, and she was so upset by the incident that she became physically sick to her stomach. And even though corroboration of the victim's testimony was not required, her testimony was in fact corroborated by Diggers's incriminating admissions made prior to and during trial. See *Hutchinson v. State*, 287 Ga. App. 415, 417-418, n. 7 (651 SE2d 523) (2007); *Boyt v. State*, 286 Ga. App. 460, 461 (1) (649 SE2d 589) (2007).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED JUNE 5, 2008.

*Jack B. Williamson, Jr.*, for appellant.
*Richard A. Mallard, District Attorney, Brian A. Deal, Assistant District Attorney*, for appellee.

---

[1] "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

[2] "A person commits the offense of aggravated sexual battery when he or she intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person." OCGA § 16-6-22.2 (b).