**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 9, 2017**

# In the Court of Appeals of Georgia

A16A2089. LAWTON v. THE STATE.

McFADDEN, Presiding Judge.

After trial, a jury convicted George Henry Lawton of one count of rape, four counts of aggravated sodomy, four counts of aggravated child molestation, and two counts of child molestation. The trial court merged the aggravated child molestation counts into the aggravated sodomy counts and sentenced Lawton to life plus 20 years to be served in confinement.

Lawton appeals, arguing that the evidence does not support the convictions, but we find that there was sufficient evidence from which the jury could conclude beyond a reasonable doubt that Lawton was guilty. Lawton argues that trial counsel was ineffective for failing to call an expert witness to challenge the state's experts, but we find that Lawton has not shown that counsel's decision was unreasonable. Lawton

argues that the state improperly commented on his pre-arrest failure to come forward, but we find that the comments were not improper. So we affirm Lawton's convictions.

1.    *Sufficiency of the evidence.*

"On appeal from a criminal conviction, the defendant no longer enjoys a presumption of innocence, and we view the evidence in a light favorable to the verdict." *Coleman v. State*, 284 Ga. App. 811, 812 (1) (644 SE2d 910) (2007) (citation omitted). So viewed, the evidence showed that the victims were M. M., who was ten years old at the time of trial, and M. B., who was eight years old at the time of trial. Lawton, their mother's boyfriend, lived with them when the abuse happened. M. M. testified that the abuse began when she was eight years old, it happened "lots of times," and it happened in different locations. She testified that Lawton would have her touch his penis with her hand, that he touched her vagina and buttocks with his penis, and that he ejaculated. She testified that it hurt her vagina. M. M.'s grandmother testified about M. M.'s outcry, in which M. M. described the abuse in some detail. The state played for the jury a video recorded interview of M. M., in which M. M. described the sexual abuse and described witnessing Lawton's abuse of M. B., including his "lick[ing] her behind and private parts."

Lawton was indicted for one count of rape of M. M., three counts of aggravated sodomy of M. M., one count of aggravated sodomy of M. B., three counts of aggravated child molestation of M. M., one count of aggravated child molestation of M. B., one count of child molestation of M. M., and one count of child molestation of M. B.

Lawton argues that the evidence was insufficient to sustain his convictions for conduct involving M. B. because M. B. testified that nothing occurred. In fact, M. B., who was five years old at the time of the abuse, was a reluctant witness, who testified that she did not remember anything, good or bad, that happened with Lawton when she was five years old. And as detailed above, M. M. described the abuse of M. B. that she witnessed.

Lawton argues that the evidence was insufficient to support his convictions for conduct involving M. M. because M. M. testified that the only touching that occurred was Lawton "kissing on her." On the contrary, as detailed above, M. M. described Lawton's abuse. In sum, the evidence as presented above was sufficient to authorize the jury to find Lawton guilty beyond a reasonable doubt of the crimes with which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. *Assistance of counsel.*

3

Lawton argues that trial counsel was ineffective for failing to call an expert witness to rebut the testimony of the state's expert witnesses. To prevail on his claim of ineffective assistance of counsel, Lawton

> must show [both] that trial counsel's performance [was deficient in that it] fell below a reasonable standard of conduct and that [it was prejudicial because] there existed a reasonable probability that the outcome of the case would have been different had it not been for counsel's deficient performance. If [Lawton] fails to [prove] either prong of the [two-part] test, this relieves the reviewing court of the need to address the other prong.

*Scott v. State*, 290 Ga. 883, 889 (7) (725 SE2d 305) (2012) (citations and punctuation omitted).

Lawton argues that trial counsel should have called an expert witness to evaluate the video recorded interviews of the victims and to address the state's experts' conclusions. Trial counsel's decision not to call an expert was not ineffective. It is well established

> that the decision as to which defense witnesses to call is a matter of trial strategy and tactics. And tactical errors in that regard will not constitute ineffective assistance of counsel unless those errors are unreasonable ones no competent attorney would have made under similar circumstances.

4

*Perdue v. State*, 298 Ga. 841, 845 (3) (785 SE2d 291) (2016) (citation and punctuation omitted).

At the motion for new trial hearing, trial counsel testified that to determine whether he needed to hire an expert witness, he reviewed the video recordings and he had another lawyer review them independently to get another opinion. After reviewing the recordings, he and the other attorney determined that an expert was unnecessary. Counsel based his conclusion on his experience of trying these kinds of case, his attendance at seminars on this topic, and his experience of having listened to such experts testify in other cases.

Counsel explained that he thought the interview of M. M. was well done. He thought there was no point in attacking the interview of M. B. because she did not disclose anything substantive in her interview. He intended to attack the interviews through cross-examination.

Lawton has not shown that trial counsel's decision not to call an expert was an unreasonable decision that no competent attorney would have made under similar circumstances. *Perdue*, 298 Ga. at 845 (3). See also *Gawlak v. State*, 310 Ga. App. 757, 759 (2) (a) (714 SE2d 354) (2011) ("trial counsel's decision to forego presentation of counter expert testimony and to rely instead on cross-examination to

5

address the interviewing techniques of the state's witnesses" was reasonable strategic decision); *Towry v. State*, 304 Ga. App. 139, 147 (2) (f) (695 SE2d 683) (2010) (trial counsel's decision, based on his own experience with such cases and his review of videotaped interview, to forego presentation of an expert in child interviewing techniques was reasonable strategic decision).

3.     *Failure to come forward.*

Lawton argues that the trial court erred by allowing the state to present evidence of his failure to come forward to the police. He argues that the evidence violated the rule set out in *Mallory v. State*, 261 Ga. 625 (409 SE2d 839) (1991), overruled on other grounds by *Chapel v. State*, 270 Ga. 151, 154-156 (4) (510 SE2d 802) (1998), see *Clark v. State*, 271 Ga. 6, 10 (5) (515 SE2d 155) (1999), that the state may not comment upon a defendant's silence or failure to come forward. We find that the evidence does not fall within the *Mallory* rule.

The officer who investigated the case testified that she obtained Lawton's telephone number from the victims' mother and that she called the number and the man who answered verified that he was Lawton. The officer testified that she told Lawton that his name had come up in an investigation and that she asked him to come in to speak with her. The officer testified that Lawton asked her if the matter involved

6

sexual assault. She testified that she responded to Lawton that she did not discuss cases over the phone, but that she would be willing to speak with him if he would like to come in and that he agreed to meet with her on April 12, 2012. The officer testified that on April 11, the victims' mother called the officer and related that Lawton had called her, telling her that the officer had told Lawton to call the mother to ask about the investigation. The officer testified that this was not true and that she called Lawton, explaining that the investigation had to do with the mistreatment of the mother's children. The officer testified that Lawton said he would still make the appointment the next day.

The officer testified that Lawton did not show up for the April 12 appointment, and that when she called him, he said that he was at work and would call her later. The officer testified that Lawton did not call, so the next day, the officer called him again. The officer testified that Lawton agreed to meet her on April 16, but that he did not show up for that meeting. The officer testified that she obtained an arrest warrant, and Lawton was arrested in Florida four days later.

In *Mallory*, 261 Ga. at 625, our Supreme Court held that although former OCGA § 24-3-36 provided that

"Acquiescence or silence, when the circumstances require an answer, a denial, or other conduct, may amount to an admission[,]" . . . in criminal cases, a comment upon a defendant's silence or failure to come forward is far more prejudicial than probative . . . [and] such a comment will not be allowed even where the defendant has not received *Miranda* warnings and where he takes the stand in his own defense.

*Mallory*, 261 Ga. at 630 (5). Assuming the continued viability of *Mallory*, but see *Hernandez v. State*, 299 Ga. 796, 801 (4) n. 3 (792 SE2d 373) (2016) (noting the Supreme Court has "repeatedly reserved decision on the continuing validity of *Mallory*" in light of the repeal of OCGA § 24-3-36 by the adoption of our new Evidence Code), we conclude that the statements here do not fall within its rule. Lawton actually spoke with the officer and agreed to meet with her. In spite of his agreement, he failed to appear at the meetings. The officer's testimony was limited to noting the inconsistences between Lawton's statements and his behavior. This does not violate *Mallory*. See *State v. Sims*, 296 Ga. 465, 469 (769 SE2d 62) (2015) (explaining the "bright line rule" of *Mallory* is not violated where the comments are "limited to noting inconsistencies in [the defendant's] pre-trial statements to authorities"). Further, evidence of Lawton's flight to Florida was admissible. *Waters v. State*, 303 Ga. App. 187, 191 (3) (692 SE2d 802) (2010).

For these reasons, Lawton has not shown reversible error.

*Judgment affirmed. Miller, P. J. concurs. McMillian, J., concurs in divisions 1and 2 and in the judgment only as to division 3.*